**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | |
|---|---|
| JOSHUA FRAUSTRO and MIGUEL AGUILAR a/k/a KEMIKA1956, <br><br>     Plaintiffs, <br><br>     v. <br><br> BELCALIS ALMANZAR a/k/a CARDI B, JOSHIA I. PARKER a/k/a OG PARKER, JAMES D. STEED a/k/a DJ SWANQO, CELEBRITY BOOKING AGENCY, ATLANTIC RECORDS, and WARNER MUSIC GROUP, <br><br>     Defendants. | Civil Action File No. <br><br> 7:24-CV-00264 |

**DEFENDANT BELCALIS ALMANZAR'S MOTION TO DISMISS**

Defendant Belcalis Almanzar ("Almanzar") respectfully submits this motion to dismiss this action filed by Plaintiffs Joshua Fraustro and Miguel Aguilar (collectively, "Plaintiffs") pursuant to Federal Rules of Civil Procedure 12(b)(2) (lack of personal jurisdiction) and 12(b)(6) (failure to state a claim upon which relief can be granted).

## I.    BACKGROUND

Plaintiffs allege that they reside in McAllen, Texas and are music producers who are known professionally as "Kemika1956." (ECF No. 15 ("Am. Compl.") at 2.) They allegedly wrote the musical composition "Greasy Frybread" in 2021. (*Id*.) Almanzar is a musical artist professionally known as "Cardi B." (*Id*.) Plaintiffs allege that Almanzar's recently released song "Enough (Miami)" infringes their rights in "Greasy Frybread." (*Id*. at 3.)

Plaintiffs filed this action on July 3, 2024. (ECF No. 1 ("Compl.").) The original complaint asserted the following claims: (1) federal copyright infringement under the U.S.

Copyright Act, 17 U.S.C. § 101, *et seq.*; (2) vicarious copyright infringement against Defendants Atlantic Records and Warner Music Group; (3) contributory copyright infringement against Defendants Atlantic Records and Warner Music Group; (4) federal unfair competition under the Lanham Act; and (5) misappropriation. (Compl. at 3-5.) Plaintiffs filed an amended complaint on August 2, 2024, which replaced the claim for federal copyright infringement with a claim for common law copyright infringement and added claims for conversion and quantum meruit. (Am. Compl. at 3-6.) According to Plaintiffs' recent filing, Almanzar is the only defendant who has been properly served. (Pls.' Mot. for Continuance of Initial Pretrial and Scheduling Conference, ECF No. 18, at 2.)

## II.    ARGUMENT

### A.    This Court Lacks Personal Jurisdiction.

Plaintiffs bear the burden of proving a *prima facie* case for personal jurisdiction. *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994). Specifically, Plaintiffs must show (1) that Almanzar has purposefully availed herself of the benefits and protections of this forum by establishing "minimum contacts" with Texas and (2) that this Court's exercise of jurisdiction would not offend "traditional notions of fair play and substantial justice."[1] *Id*. at 647 (internal quotation marks and citations omitted).

The "minimum contacts" contacts necessary to establish personal jurisdiction depends on whether the jurisdiction is "specific" or "general." Specific personal jurisdiction exists where there are sufficient contacts that arise from, or are directly related to, the causes of action. *Goodyear Dunlop Tires Operations v. Brown*, 564 U.S. 915, 923-24 (2011); *accord Wilson*, 20

---

[1] It is not necessary to consider separately the Texas long-arm statute because it extends to the limits of federal due process. *Wilson*, 20 F. 3d at 647.

2

F.3d at 647. General jurisdiction exists independent of the asserted causes of action but is only appropriate where the defendant's contacts are so continuous and systematic to render the defendant "at home" in the forum. *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014)); *accord Frank v. PNK (Lake Charles) LLC*, 947 F.3d 331, 337 (5th Cir. 2020) ("The Supreme Court (twice) discussed general jurisdiction and stated that, in order to properly exercise general jurisdiction, a defendant-company must be 'at home' in the forum state.") (citing *Goodyear* and *Daimler*).

For an individual defendant, "the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Goodyear*, 564 U.S. at 924. A company's "home" is the state where it is incorporated or where it has its principal place of business. *Daimler*, 571 U.S. at 137; *accord Frank*, 947 F.3d at 337. This Circuit has recognized that it is "incredibly difficult" to establish general jurisdiction against a defendant outside these forums. *Monkton*, 768 F.3d at 432 (citing *Daimler*, 571 U.S. at 137); *see also Pace v. Cirrus Design Corp.*, 93 F.4th 879, 898 (5th Cir. 2024) (recognizing that outside a corporate defendant's "home" form, general jurisdiction can only exist in "exceptional circumstances") (quotation marks and citations omitted).

Plaintiffs have not made any factual allegations whatsoever to support personal jurisdiction in this action, let alone any that would overcome the heavy presumption against general jurisdiction in this forum. Neither Almanzar nor any of the other individual defendants reside in Texas. (Am. Compl. at 2-3.) Likewise, none of the corporate defendants are incorporated in Texas or have a principal place of business in Texas. (*Id*. at 3.) And finally, Plaintiffs have not even attempted to sustain their "incredibly difficult" burden to allege the sort of continuous and systematic contacts by any defendants that could support general jurisdiction.

Turning to specific jurisdiction, generously construing the complaint's allegations, one could conclude that Plaintiffs have alleged that they have been affected by the alleged infringement in Texas. But that is not enough. As the Supreme Court has explained:

> [M]ere injury to a forum resident is not a sufficient connection to the forum. Regardless of where a plaintiff lives or works, an injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum State. ***The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way.***

*Walden v. Fiore*, 571 U.S. 277, 290 (2014) (emphasis added); *see also Danziger & De Llano, LLP v. Morgan Verkamp, LLC*, 24 F.4th 491, 497 (5th Cir. 2022) (finding lack of personal jurisdiction because while the "allegedly tortious conduct may have *affected* [the plaintiff] in Texas, none of this conduct *occurred* in Texas." (emphasis in original; citations omitted).

Plaintiffs have not alleged ***any*** jurisdictionally relevant contacts with this forum. Nor could they. At best, Plaintiffs might have pleaded—but did not—that copies of the allegedly infringing song "Enough (Miami)" have been sold online and distributed to this forum. But that too would be insufficient to confer personal jurisdiction without any evidence that this forum was purposefully targeted. *See Fernandez v. Jagger*, No. 23-30909, at 7 (5th Cir. Aug. 8, 2024) (holding that "simply marketing an allegedly copyright-infringing song to the 'broadest possible geographical basis'" was insufficient to confer personal jurisdiction); *see also Pace v. Cirrus Design Corp.*, 93 F.4th at 901-02 (finding mere effects of an injury in the forum were insufficient to support jurisdiction); *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 320 (5th Cir. 2021) (holding that the "universal accessibility" of a defamatory website was insufficient for jurisdiction in Texas even though "Texans visited the site, clicking ads and buying things there"). Simply put, there is nothing about the alleged actions to suggest that the

4

defendants targeted Texas or otherwise purposefully availed themselves of the forum in any way. Thus, this Court does not possess personal jurisdiction over the defendants.

For the forgoing reasons, this action should be dismissed because Plaintiffs have failed to satisfy their burden to establish personal jurisdiction.[2]

**B.      Plaintiffs' Claims Are Utterly Meritless.**

If this Court finds that it possesses personal jurisdiction over Almanzar, it should nonetheless dismiss this action for failure to state a claim.

### 1.      Plaintiffs Fail to Plead a Valid Copyright Claim.

At bottom, this is a copyright infringement action. Plaintiffs allege that Almanzar's song "Enough (Miami)" infringes their rights in a musical composition titled "Greasy Frybread."[3] Plaintiffs' Amended Complaint replaced their claim for federal copyright infringement with a common copyright law claim under Texas law. It appears this was done because they belatedly realized (after Almanzar's counsel brought it to their attention) that they lacked a copyright registration. It is black-letter law that a copyright registration is required to file a claim pursuant to 17 U.S.C. § 411(a). *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 892 (2019).

Importantly, however, Plaintiffs cannot circumvent the need for a copyright registration merely by framing their claim under common law. That is because the U.S. Copyright Act preempts any common law claim that is equivalent to a federal copyright claim. 17 U.S.C. § 301(a). As this Circuit has noted, "[w]ith a few exceptions, all causes of action falling within

---

[2] Because Plaintiffs have failed to meet their burden, it is unnecessary for this Court to reach the "traditional notions of fair play and substantial justice" prong of the analysis.

[3] A separate copyright exists in a sound recording. 17 U.S.C. § 102. Plaintiffs have only alleged infringement of the musical composition.

the scope of the Copyright Act are expressly preempted."[4] *Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772. 785 (5th Cir. 1999). Accordingly, Plaintiffs' claims for common law copyright infringement (Count VI) and their claims for vicarious and contributory infringement (Counts I and II) must be dismissed for failure to state a claim.[5]

### 2. Plaintiffs' Lanham Act Claim Is Barred by *Dastar*.

Plaintiffs allege that the defendants' actions violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), by using their song "without proper attribution" (Count III). (Am. Compl. at 5.) But the Supreme Court made clear decades ago in *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003) that the Lanham Act does not support an attribution claim for a copyrightable work.

In that case, Dastar purchased copies of a television series about World War II called *Crusade in Europe* that was originally broadcast by Twentieth Century Fox. *Id*. at 25-26. After the copyrights to the series had entered the public domain, Dastar acquired copies, edited the episodes, and released them under its own name. *Id*. at 26-27. Twentieth Century Fox claimed that Dastar's actions violated Section 43(a) by using the series "without proper credit." *Id*. at 27. The district court granted summary judgment to Twentieth Century Fox under the Lanham Act, and the Ninth Circuit affirmed reasoning that "Dastar copied substantially the entire *Crusade in Europe* series created by Twentieth Century Fox, labeled the resulting product with a different name and marketed it without attribution to Fox . . . ." *Id*. at 28.

---

[4] The case cited by Plaintiffs in their complaint, *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446 (6th Cir. 2001), does not at all support the viability of a common law copyright claim. In fact, a common law copyright claim was not even addressed in that decision.

[5] Although this Court cannot entertain the merits of Plaintiffs' copyright claims given these legal infirmities, suffice it say for the time being that these claims also lack any colorable factual basis.

The Supreme Court reversed, finding that the phrase "origin of goods" as used in Section 43(a) "refers to the producer of the tangible goods that are offered for sale, and not to the author of any idea, concept, or communication embodied in those goods." *Id*. at 37. In reaching this conclusion, "the Court carefully distinguished Lanham Act claims from copyright claims; the former 'were *not* designed to protect originality or creativity,' while the latter were." *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 149 (5th Cir. 2004) (quoting *Dastar*). The Court noted, "[t]o hold otherwise would be akin to finding that § 43(a) created a species of perpetual patent and copyright, which Congress may not do." *Dastar*, 539 U.S. at 37.

Plaintiffs cannot end run copyright laws by claiming that their musical composition was copied without attribution. "*Dastar* makes clear that such claims are not actionable under § 43(a)." *Gen. Universal Sys.*, 379 F.3d at 149. This claim must be dismissed.

### 3.    Plaintiffs' Other Attempts to Repackage Their Copyright Claims Also Fail.

As for Plaintiffs' remaining state law claims for conversion (Count IV), quantum meruit (Count V), and misappropriation (Count VII), the Amended Complaint once again alleges nothing more than unauthorized copying of their musical composition. Thus, these claims fall squarely within the scope of the Copyright Act and are also plainly preempted. *See Daboub v. Gibbons*, 42 F.3d 285, 289 (5th Cir. 1995) (Texas state law claims for conversion and misappropriation, among others, were preempted because the core of each claim was the alleged wrongful copying, distribution, and performance of the plaintiff's song).

Even if they were not preempted, Plaintiffs' claims still fail for other reasons. A person cannot "convert" intangible property under Texas law. *Express One Intern., Inc. v. Steinbeck*, 53 S.W.3d 895, 901 (Tex. App.—Dallas 2001, no pet.). And quantum meruit requires the provision of services directly to a defendant, which did not happen here. *Truly v. Austin*, 744 S.W.2d 934,

7

937 (Tex. 1988) ("To recover in quantum meruit, the plaintiff must show that his efforts were undertaken for the person sought to be charged; it is not enough to merely show that his efforts benefitted the defendant.").

Finally, in support of their "misappropriation" claim, the Amended Complaint cites the Supreme Court's decision in *Kewanee Oil Co. v. Bicron Corp.*, 416 U.S. 470 (1974). This case did not "recognize[] a state law tort claim for misappropriation." Rather, the court there addressed whether an Ohio trade secret law was preempted by federal patent law. It held that the Ohio law was not preempted because it sought to protect something fundamentally different. Texas similarly protects against the misappropriation trade secrets, but Plaintiffs obviously cannot allege that their publicly available song is a protected trade secret. *See* Tex. Civ. Prac. & Rem. Code § 134A.002(6). Accordingly, each of Plaintiffs' state law claims must be dismissed.

### III.    CONCLUSION

This action should be dismissed because Plaintiffs have failed to satisfy their burden to establish personal jurisdiction. If this Court nonetheless determines that it possesses personal jurisdiction, this action should still be dismissed because Plaintiffs have failed to state a claim.

Dated:  September 30, 2024

/s/ *Brett D. Solberg*
Brett D. Solberg Texas Bar No. (24070651)
S.D. Tex. Bar No. 1188910
DLA PIPER LLP (US)
845 Texas Avenue, Suite 3800
Houston, Texas 77002-5005
(713) 425-8482 (telephone)
brett.solberg@us.dlapiper.com

Lisa F. Moore (PHV application to be filed)
W. Andrew Pequignot (PHV application to be filed)
MOORE PEQUIGNOT LLC
887 West Marietta Street, Suite M-102
Atlanta, Georgia 30318

8

(404) 748-9596 (telephone)
lisa@themoorefirm.com
andrew@themoorefirm.com

*Attorneys for Defendant Belcalis Almanzar*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed on this date the foregoing DEFENDANT BELCALIS ALMANZAR'S MOTION TO DISMISS with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all of the attorneys of record.

DATED:  September 30, 2024

/s/ *Brett D. Solberg*
Brett D. Solberg

10