IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JOSHUA FRAUSTRO and MIGUEL AGUILAR a/k/a KEMIKAL956,<br><br>*Plaintiffs,*<br><br>v.<br><br>BELCALIS M. ALMANZAR a/k/a CARDI B, ATLANTIC RECORDING CORPORATION, and WARNER MUSIC GROUP CORP.,<br><br>*Defendants.* | Civil Action File No.<br><br>7:24-CV-00264<br><br><br><br>(JURY REQUESTED) |

## PLAINTIFFS' SECOND AMENDED COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

**COMES NOW**, Plaintiffs Joshua Fraustro and Miguel Aguilar aka Kemika1956, by and through their attorney, Robert R. Flores, and for their Second Amended Complaint against Defendants Belcalis Almanzar aka Cardi B, Atlantic Recording Corporation, and Warner Music Group Corp, allege as follows:

### I. Parties

**A. Plaintiffs**

Plaintiff No. 1: Plaintiff Joshua Fraustro is an individual residing in Hidalgo County, Texas.

Plaintiff No. 2: Plaintiff Miguel Aguilar aka Kemikal 956 is an individual residing in Hidalgo County, Texas.

**B. Defendants**

Defendant No. 1: Defendant Belcalis Almanzar aka Cardi B is an individual residing in Atlanta, GA. Defendant Belcalis Almanzar has made an appearance in this case and can be served through her attorney of record, Andrew Pequignot, Moore Pequignot LLC, 887 W. Marietta

St. NW, Suite M-102, Atlanta, GA 30318.

Defendant No. 2: Defendant Atlantic Recording Corporation is a corporation with its principal place of business in New York, NY. Defendant Atlantic Recording Corporation has made an appearance in this case and can be served through its attorney of record, Andrew Pequignot, Moore Pequignot LLC, 887 W. Marietta St. NW, Suite M-102, Atlanta, GA 30318

Defendant No. 3: Defendant Warner Music Group Corp is a corporation with its principal place of business in New York, NY. Defendant Warner Music Group Corp has made an appearance in this case and can be served through its attorney of record, Andrew Pequignot, Moore Pequignot LLC, 887 W. Marietta St. NW, Suite M-102, Atlanta, GA 30318.

## II. Basis for Jurisdiction

### A. Diversity Jurisdiction

Diversity jurisdiction applies under 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000 and the parties are citizens of different states: Plaintiffs Joshua Fraustro and Miguel Aguilar aka KemikaL956 are citizens of Texas, while Defendant Belcalis Almanzar aka Cardi B is a resident of the state of New York, and Defendants Atlantic Recording Corporation, and Warner Music Group Corp are entities with principal places of business in New York.

Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to the claims occurred in this district, specifically related to the unauthorized use of Plaintiffs' work "Greasy Frybread." Furthermore, Defendants conduct business within this district.

### B. Personal Jurisdiction

The court has general jurisdiction over an out of state musical artist who routinely performs in the forum state.

The court has personal jurisdiction over Defendant Almanzar because she has requisite minimum contacts with Texas by purposefully directing activities toward Texas; directed her

musical performance to residents of the forum state; and by availing herself of the privileges of conducting activities in Texas. Plaintiffs further show a *prima facie* case for personal jurisdiction. *Wilson v. Belin*, 20 F.3d. 644 (5th Cir. 1994).

Plaintiffs can show the Defendant Almanzar has purposefully availed herself to the benefits and protections of this forum by performing within the forum and entering not contractual relationships within the forum for profit thus establishing minimum contacts within Texas; and, that this Court's exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

Defendant Almanzar has been engaged in musical performing and entered into contracts within Texas and targeted Texas since 2015, the closest target being in Cameron County, Texas and there is no evidence to suggest Defendant Almanzar intends to terminate her musical career nor no longer subject herself to personal jurisdiction in Texas.

A federal court has personal jurisdiction over a nonresident defendant to the same extent that a state court in that forum has such jurisdiction. *Bullion v. Gillespie*, 895 F.2d 213, 215 (5th Cir. 1990). Moreover, Plaintiffs have been affected by the claims plead in Texas.

The court has personal jurisdiction over Defendants Atlantic Recording Corporation, and Warner Music Group Corp because they meet the requisite minimum contacts with Texas by purposefully avail itself of the privilege of conducting activities within the Texas market, thus invoking the benefits and protections of its laws.

The court has jurisdiction over the parties because their conduct connects them to the forum in a meaningful way. *Walden v. Fiore*, 571 U.S. 277 (2014).

### III.　Statement of Claim

Plaintiffs Joshua Fraustro and Miguel Aguilar a/k/a Kemikal 956 are established music producers located in the Rio Grande Valley of Southern Texas.

Plaintiff Joshua Fraustro first began producing digital music in 2003[1]. Plaintiff Miguel Aguilar a/k/a Kemikal 956 first began producing music in 2005[2].

Plaintiff Joshua Fraustro first began publishing his music productions on the internet in 2010.

Plaintiff Miguel Aguilar a/k/a Kemikal 956 first began publishing his music productions on the internet in 2015.

In December 2018 Plaintiff Joshua Fraustro won the Rio Grande Valley Producer of the Year Award.

At the 2019 Rio Grande Valley Producer of the Year Awards, Plaintiffs Joshua Fraustro and Miguel Aguilar a/k/a Kemikal 956 first met and began working together on music productions.

In December 2018 Plaintiff Joshua Fraustro won the Rio Grande Valley Producer of the Year Award.

In December 2020 Plaintiff Miguel Aguilar a/k/a Kemikal 956 won the Rio Grande Valley Producer of the Year Award.[3]

In January 2021 Plaintiff Joshua Fraustro and Miguel Aguilar a/k/a Kemikal 956 created their first public collaboration on the internet.[4]

In March 2021, Plaintiffs Joshua Fraustro and Miguel Aguilar a/k/a Kemikal 956 created the song entitled "Greasy Fry Bead" in Texas for a Mvskoke actor and rapper known as Sten Joddi and sent him from Texas the digital file of the song via email. *See attached Exhibit "A"*

On August 23, 2021, Rapper Sten Joddi released the song "Greasy Frybread" on the famous

---

[1] Joshua 'Starman' Fraustro - Stars (Instrumental)(Snippet)

[2] https://soundcloud.com/kemikal956/kemikal-stage-lights-prod-by-nuthin-but-hitz?si=f57c7939e6d74773a19c9e1eca83b4aa&utm_source=clipboard&utm_medium=text&utm_campaign=social_sharing

[3] https://www.facebook.com/story.php?story_fbid=10226144509542179&id=1321644434&rdid=HnteOCNDLwT2vxGg

[4] joshua fraustro be real results on SoundCloud

show "Reservation Dogs" in Season 1, Episode 4 and placed into the stream of commerce by the globally popular FX Hulu Channel with the permission knowledge and consent of Plaintiffs Joshua Fraustro and Miguel Aguilar a/k/a Kemikal 956.[5]

On September 3, 2021, rapper Sten Joddi then released the music video of "Greasy Frybread" on YouTube with the permission of Plaintiffs Fraustro and Miguel Aguilar a/k/a Kemikal 956.[6]

On March 15, 2024, Defendant Belcalis Almazar a/k/a Cardi B, who has an extensive history of appearing for profit in Texas, unlawfully duplicated the song "Greasy Frybread" and released it under the name "Enough (Miami)" without the permission of Plaintiffs Joshua Fraustro and Miguel Aguilar a/k/a Kemikal 956.[7]

The song "Enough (Miami)" based off the song "Greasy Frybread" was distributed into the stream of commerce of the Texas market by Defendants Atlantic Recording Group and Warner Brothers Music Group Corp[8][9]. The song hit #9 on the Billboard Hot 100 global music charts and is to be nominated for a Grammy Award.[10]

The infringement of the Plaintiffs rights is already being circulated publicly.[11] Plaintiffs Joshua Fraustro and Miguel Aguilar a/k/a Kemikal 956 have continued to publish music publicly through June 2024 but ceased any further publishing due to the current litigation.[12]

As a result, Plaintiffs have suffered damages within the forum in an amount within the jurisdictional limits of this court. *See attached Exhibit "B"*

For these reasons, Plaintiffs hereby state and bring the following claims against the Defendants:

---

[5] https://www.hulu.com/watch/ded8aa4f-282a-4ea5-a557-e05c892699dc

[6] Reservation Dogs | Greasy Frybread ft. Punkin' Lusty - Season 1 Official Music Video | FX

[7] https://www.youtube.com/watch?v=narFtb5tdTQ
[8] Cardi B - Enough (Miami) [Official Music Video] - YouTube
[9] Cardi B | Atlantic Records
[10] Cardi B's New Single Hits A New High On Five Charts At Once
[11] Cardi B Sued For Allegedly Ripping Off A REALLY Visible Song! - Perez Hilton
[12] 4th 956 Cypher

## IV.   Claims for Relief

Plaintiffs seek to protect property and property rights and bring claims outside the scope of the Copyright Act.   Plaintiffs further hereby incorporate by reference all the aforementioned allegations stated as though fully set forth herein.

### A.   Tortious Interference

The evidence will show that more than a reasonable probability the plaintiffs would have entered into a business relationships from further commercial activity arising from the creation of "Greasy Frybread";  however, the independently tortious or unlawful acts of  releasing "Greasy Frybread" as "Enough(Miami)" by the defendants with only minor deviations from the music and replacing the lyrics, prevented the relationship from occurring.  The defendants knew or should have known the interference was certain or substantially certain to occur as a result of the conduct.  As a result, plaintiffs suffered actual harm or damages as a result of the defendant's interference. *Baty v. Protech Ins. Agency*, 63 S.W.3d 841, 860 (Tex. App.- Houston [14th Dist.] 2001, pet. denied).   Damages suffered by Plaintiffs was in an amount within the jurisdictional limit of this court.

### B.   Defamation

Defendants published Plaintiffs' work "greasy Frybread" under the pseudonym "Enough(Miami)" which was released and made available  in the open market,  The publishing by the Defendants caused harm to  Plaintiffs' reputation in the music industry.  It was a false statement to say that Defendant created "Enough(Miami)" or at minimum or alternately grossly negligent. with knowledge of its falsity or with reckless disregard for the truth.

.    Plaintiffs have been caused harm as a result of by essentially be "blacklisted" by the music industry because of the matter between the parties.  Consequently, Plaintiffs suffered damages to reputation, emotional distress, and economic harm, as well as other injuries monetary and nonmonetary damages in an amount within the jurisdictional limits of this court.

## C. Unfair Competition

The plaintiffs created "Greasy Frybread" through extensive time, labor, skill, and money. The defendants used Greasy Frybread" in competition to create "Enough(Miami)", gaining a free ride on the plaintiff's efforts. The defendant's conduct resulted in commercial harm to the plaintiff in an amount within the jurisdictional limits of this court.

## D. Vicarious Infringement

Defendants Atlantic Recording Corporation and Warner Music Group Corp, having the right and ability to supervise the infringing activity and also having a direct financial interest in such activities, are liable for vicarious infringement. In *Fonovisa, Inc. v. Cherry Auction, Inc., 76 F.3d 259 (9th Cir. 1996)*, the court held that a party can be held vicariously liable for the infringing acts of another if they have the right and ability to supervise the infringing activity and a direct financial interest in such activities. In this cas Atlantic Recording Corporation and Warner Music Group Corp had the ability to supervise the production and distribution of Cardi B's album, which included the song "Enough (Miami)" that allegedly used elements of the plaintiffs' song "Greasy Frybread" without permission. Furthermore, these defendants had a direct financial interest in the album as they stood to profit from its sales. Consequently, Plaintiffs suffered damages to reputation, emotional distress, and economic harm, as well as other injuries monetary and nonmonetary damages in an amount within the jurisdictional limits of this court.

## E. Contributory Infringement

Defendants Atlantic Recording Corporation and Warner Music Group Corp, with knowledge of the infringing activity, induced, caused, or materially contributed to the infringing conduct of another, and are liable for contributory infringement. In *Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc., 443 F.2d 1159 (2d Cir. 1971),* the court held that one who, with knowledge of the infringing activity, induces, causes, or materially contributes to the infringing conduct of another, may be held liable as a contributory infringer. In this case, Atlantic Records and Warner Music

Group, by releasing and distributing Cardi B's album, materially contributed to the alleged infringement of the plaintiffs' song. Consequently, Plaintiffs suffered damages to reputation, emotional distress, and economic harm, as well as other injuries monetary and nonmonetary damages in an amount within the jurisdictional limits of this court.

### F. Misappropriation of Intellectual Property

Defendants have taken the plaintiffs' intellectual property and used it for their own advantage, constituting misappropriation of intellectual property. In the case of Kewanee Defendants have taken the plaintiffs' intellectual property and used it for their own advantage, constituting misappropriation of intellectual property. In the case of *Kewanee Oil Co. v. Bicron Corp., 416 U.S. 470 (1974)*, the U.S. Supreme Court recognized a state law tort claim for misappropriation where one party misappropriates the labor, skill, and money of another for their own use. In this case, the defendants took the plaintiffs' song, which is their intellectual property, and used it in Cardi B's album for their own advantage, thereby depriving the plaintiffs of the benefits of their labor, skill, and money. Consequently, Plaintiffs suffered damages to reputation, emotional distress, and economic harm, as well as other injuries in an amount within the jurisdictional limits of this court.

### V. Declaratory Relief

Plaintiffs seek declaratory relief pursuant to 28 U.S.C. § 2201. Plaintiffs request a declaration that Plaintiffs are the rightful owners of the work "Greasy Frybread," and that Defendants' actions constitute violation of Plaintiffs' rights. A declaratory judgment will clarify the legal relations and obligations of the parties and will prevent future disputes over the same issue.

### VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief and belief that this complaint:

(1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law;

(3) the factual contentions have evidentiary support or, if specifically, so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and,

(4) the complaint otherwise complies with the requirements of Rule 11.

## VII. Prayer

Plaintiff respectfully requests judgment against Defendants for:

a. Compensatory damages in an amount to be determined at trial;

b. Special damages for lost business opportunities and economic harm;

c. Punitive damages;

d. Injunctive relief as deemed appropriate by the Court;

e. Reasonable attorneys' fees and costs (if applicable); and

f. Any other relief the Court deems just and proper.

Dated: April 13, 2025.

Respectfully Submitted,

/s/ *Robert R. Flores*
Robert R. Flores
Texas Bar No. 24071887
S.D. Tex. Bar No. 2331246
robert@rrfloreslaw.com
ROBERT R FLORES LAW FIRM PLLC
612 W. Nolana Ave., Suite 310
McAllen, Texas 78504
(956) 329-1099 (telephone)
(956) 790-0297 (facsimile)
*Attorney for Plaintiffs*