**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | |
|---|---|
| JOSHUA FRAUSTRO and MIGUEL AGUILAR a/k/a KEMIKAL1956,<br><br>        Plaintiffs,<br><br>        v.<br><br>BELCALIS ALMANZAR a/k/a CARDI B, ATLANTIC RECORDING CORPORATION, and WARNER MUSIC GROUP CORP.,<br><br>        Defendants. | Civil Action File No.<br><br>7:24-CV-00264 |

**DEFENDANTS' REPLY IN SUPPORT OF
THEIR SECOND RENEWED MOTION TO DISMISS**

Defendant Belcalis Almanzar ("Almanzar"), along with Defendants Atlantic Recording Corporation ("Atlantic") and Warner Music Group Corp. ("Warner," together with Atlantic, the "Corporate Defendants," and collectively with Almanzar, "Defendants"), respectfully submit this reply in further support of their Second Renewed Motion to Dismiss (ECF No. 66, the "Motion" or "Mot.") the Second Amended Complaint (ECF No. 57, "Second Am. Compl.") filed by Plaintiffs Joshua Fraustro and Miguel Aguilar (collectively, "Plaintiffs").

Plaintiffs' Amended Response (ECF No. 69, "Amended Response" or "Am. Resp.") confirms that, despite multiple opportunities to amend their complaint, Plaintiffs remain unable to satisfy their burden of demonstrating personal jurisdiction or stating a valid legal claim. Specifically, Plaintiffs fail entirely to rebut Defendants' arguments that: (1) Plaintiffs have not established specific jurisdiction, as Defendants' limited and unrelated contacts with Texas bear no meaningful connection to the alleged infringement at issue; (2) Plaintiffs' state-law claims are preempted by federal copyright law because the core of those claims is unauthorized copying of

a musical composition; and (3) Plaintiffs' admitted lack of copyright registration precludes any claim for federal copyright infringement. Plaintiffs' latest attempt to circumvent these fatal deficiencies by shifting legal theories (again) and offering unsupported factual assertions does nothing to salvage their claims. Accordingly, and as further detailed below and in their opening brief, this Court should grant Defendants' Motion and dismiss this action in its entirety.

## I.    ARGUMENT

### A.    Plaintiffs Fail to Make a *Prima Facie* Showing of Personal Jurisdiction.

Plaintiffs stupefyingly insist in their Amended Response that this Court "has already ruled it has jurisdiction over Defendants by denying the last three motions to dismiss filed by Defendants." (Am. Resp. at 3.) This is patently wrong. This Court has not even arguably made a substantive ruling on personal jurisdiction or on the Rule 12(b)(6) issues raised by Defendants' prior motions. Rather, it has permitted Plaintiffs to amend their complaint multiple times while deferring any decision on the merits. And despite being afforded four bites at the apple, Plaintiffs still have failed to cure their jurisdictional and other pleading defects, making it abundantly clear that any more attempts to amend would be futile and should be denied. *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003) (affirming denial of third amendment and noting that "leave to amend properly may be denied when the party seeking leave has repeatedly failed to cure deficiencies by amendments previously allowed and when amendment would be futile") (citation omitted).

As Defendants explained in their Motion (and every prior motion), general jurisdiction is almost never appropriate where, as here, none of the defendants are domiciled or incorporated in this forum. (Mot. at 5.) This case also clearly does not present any "exceptional circumstances" that make general jurisdiction appropriate here. *See Pace v. Cirrus Design Corp.*, 93 F.4th 879, 898 (5th Cir. 2024). Despite referencing general jurisdiction in their Second Amended Complaint

(at 2) and arguing for it in each of their prior responses, Plaintiffs' Amended Response makes no mention at all of general jurisdiction and therefore finally (after much wasted briefing) appears to concede this point that should have been obvious to them from the beginning.

Turning to the "rudimentary explanation" of their case for specific jurisdiction (Am. Resp. at 3), Plaintiffs still have not come anywhere close to meeting their *prima facie* burden. The Amended Response begins by citing Plaintiffs' prior responses, specifically ECF Nos. 30 and 59, and claiming they have "clearly showed" that "Defendants performed live shows in Texas; signed contracts in Texas; gave interviews in Texas; conducted promotional events in Texas; and directed advertising to Texas residents." (Am. Resp. at 4.) However, neither the Second Amended Complaint nor either of those briefs make any mention of "interviews," "promotional events," or "advertising" on the part of Defendants, let alone explain how those activities relate in any way to the claims in this case.

The alleged "live shows" by Almanzar that Plaintiffs identify in their prior responses (but not in their Second Amended Complaint or their Amended Response) all occurred in or before 2019 (ECF No. 30 at 4-5; ECF No. 59 at 3-4); however, Plaintiffs did not write "Greasy Frybread" until 2021 and the alleged infringement did not occur until 2024 (Second Am. Compl. at 4-5). Thus, even if this Court were to accept Plaintiffs' extra-complaint allegations as true, these "live shows" could not possibly bear any relevance to specific jurisdiction here. *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994) (noting that specific jurisdiction only is appropriate where the contacts with the forum "arise from, or are directly related to, the cause of action").

The unidentified "contracts" that Plaintiffs claim Almanzar has with Texas were addressed in Defendants' Motion. These allegations are mere bald assertions that should be disregarded entirely and are otherwise altogether insufficient. (Mot. at 6.) Plaintiffs' speculation

about Almanzar's other activities in Texas (Am. Resp. at 10) also cannot be used to support jurisdiction in this case. *See Foyt v. Championship Auto Racing Teams, Inc.*, 947 F. Supp. 290, 294 (S.D. Tex. 1996) (finding lack of jurisdiction where the plaintiff's allegations were only "sheer, unsupported speculation and conclusory opinions"). That is especially true given that their conjecture is about future events that would not be germane contacts regardless. *See* Todd David Peterson, *The Timing of Minimum Contacts*, 79 Geo. Wash. L. Rev. 101, 141 (2010) (noting "general agreement [among courts] not to count contacts arising after the case is filed").[1]

Plaintiffs' case for specific jurisdiction against the Corporate Defendants fares no better. First, they argue that jurisdiction is appropriate based on their allegation in the Amended Response (but not the Second Amended Complaint) that the Corporate Defendants allegedly sued copyright infringers in Texas in *Warner Bros. Records Inc. v. Payne*, No. 6:06-cv-51-WSS (W.D. Tex. filed on Feb. 17, 2006) and *UMG Recordings, Inc. v. Grande Communications Networks LLC*, 1:17-cv-365-DAE (W.D. Tex. filed on Apr. 21, 2017). (Am. Resp. at 4.) As an initial matter, Defendant Warner Music Group Corp. is not a party to either of these lawsuits, and Defendant Atlantic is only a party to one of them. But even more importantly, these cases bear no relevance whatsoever to the allegations in this case and thus are completely irrelevant to specific jurisdiction in this dispute. *Wilson*, 20 F.3d at 647. Indeed, like the alleged concert performances by Almanzar in this forum, the filing of these cases occurred years before Plaintiffs' musical composition was even written. Moreover, the law is clear: "A party's consent to jurisdiction in one case . . . extends to that case alone. It in no way opens that party up to other lawsuits in the same jurisdiction in which consent was given, where the party does not consent

---

[1] In addition to these reasons, Plaintiff Fraustro's statements in his affidavit predicting Almanzar's future actions (Supporting Aff. of Pl. Joshua Fraustro ¶ 10) should be disregarded entirely because he lacks personal knowledge of these matters.

4

and no other jurisdictional basis is available." *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 937 F.2d 44, 50 n.5 (2d Cir. 1991); *accord Megadrill Servs. Ltd. v. Brighouse*, 556 S.W.3d 490, 499 (Tex. App. 2018) (finding as a matter of law that defendants "did not consent to personal jurisdiction in the present action by previously filing a federal court lawsuit in Texas on an unrelated matter").

Plaintiffs next argue for specific jurisdiction because they claim in their Amended Response (but not their Second Amended Complaint) that Warner has signed artists from Texas. (Am. Resp. at 5.) Once again, however, they fail to explain how those alleged contacts are in any way related to the claims here (because they are not).[2] *Id.* Likewise, they allege in a footnote to their Amended Response (but not in their Second Amended Complaint) that the Corporate Defendants engaged in "target[ed] advertising to Texas residents" but do not substantiate this assertion in any way that would allow Defendants or this Court to evaluate its validity or address its relevance to this case. This is precisely why courts disregard conclusory assertions. *See Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) ("[T]he district court correctly held that the prima-facie-case requirement does not require the court to credit conclusory allegations, even if uncontroverted."); *see also Foyt*, 947 F. Supp. at 294.

This action should be dismissed because Plaintiffs altogether fail to satisfy their burden to establish personal jurisdiction.

---

[2] As another example of Plaintiffs' constantly changing allegations, they previously argued that Atlantic (not Warner) is subject to general (rather than specific) jurisdiction here because it has signed and released records by artists who live in Texas. (ECF No. 59 at 9.) This argument also fails because merely doing business with Texas residents does not establish that Atlantic is "at home" in this forum. *See Frank v. PNK (Lake Charles) LLC*, 947 F.3d 331, 341 (5th Cir. 2020) (finding lack of general jurisdiction and noting defendant "is not 'at home' in Texas merely because it solicits business from Texans").

**B.    Plaintiffs Fail to Plead a Valid Claim.**

Plaintiffs accuse Defendants of attempting to "mislead the court" by stating that their claims arise under the U.S. Copyright Act. (Am. Resp. at 5.) Instead, they argue, "Plaintiffs bring state law claims against Defendants." (*Id.*) Remarkably, Plaintiffs make this assertion below a heading in support of their "vicarious and contributory infringement" claims, even though Plaintiffs appear to concede (as they must) that these claims arise *under the U.S. Copyright Act* (Second Am. Compl. at 7 (citing *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259 (9th Cir. 1996) and *Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159 (2d Cir. 1971), which both involved secondary liability claims brought pursuant to the U.S. Copyright Act)); Plaintiffs then spend multiple pages discussing a musicologist report that opines on "copyright infringement" that can only exist *under the U.S. Copyright Act* (Am. Resp. at 5-8 & Ex. C at 3); Plaintiffs then address "substantial similarity," which is one element of copyright infringement claim that can only exist *under the U.S. Copyright Act* (*id.* at 8 (citing *Digital Drilling Data Sys., LLC v. Petrolink Servs., Inc.*, 965 F.3d 365, 373 (5th Cir. 2020), which recites the elements of a federal copyright infringement claim)). To be blunt, their argument is utterly incomprehensible.

However Plaintiffs label their claims, they continue to allege nothing more than copying of their musical composition. For example:

- "Plaintiffs then sued Defendants for infringement upon an original music work product." (Second Am. Compl. at 2.)

- Defendant Almanzar "unlawfully duplicated the song 'Greasy Frybread' and released it under the name 'Enough (Miami)' . . . ." (*Id.* at 5.)

- "The song 'Enough (Miami)' based off the song 'Greasy Frybread' was distributed into the stream of commerce of the Texas market by Defendants Atlantic Recording Group and Warner Brothers Music Group Corp." (*Id.*)

6

- Claiming "tortious interference" based on the alleged "unlawful acts of releasing 'Greasy Frybread' as 'Enough (Miami)' by the [D]efendants with only minor deviations from the music and replacing the lyrics . . . ." (*Id.* at 6.)

- Claiming "defamation" because Defendants allegedly "published Plaintiffs' work '[G]reasy Frybread' under the pseudonym 'Enough (Miami)' which was released and made available in the open market." (*Id.*)

- Claiming "unfair competition" because Defendants allegedly "used 'Greasy Frybread' in competition to create 'Enough (Miami)' . . . ." (*Id.* at 7.)

- Claiming "misappropriation" because "Defendants have taken the [P]laintiffs' intellectual property and used it for their own advantage" . . . . (*Id.* at 8.)

Both the type of work (*see* 17 U.S.C. § 102(a)(2)) and the rights allegedly infringed (*see* 17 U.S.C. § 106) fall squarely within the scope of the U.S. Copyright Act.[3] As such, all of their state-law claims are preempted. *See Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772, 785 (5th Cir. 1999) (explaining that a state-law claim is preempted under 17 U.S.C. § 301 where (1) "the work in which the right is asserted [comes] within the *subject matter* of copyright as defined in sections 102 and 103" and (2) "the right that the author seeks to protect [is] *equivalent* to any of the exclusive rights within the general scope of copyright as specified by section 106").

The case cited by Plaintiffs against preemption, *Sefton v. Jew*, 201 F. Supp. 2d 730 (W.D. Tex. 2001), actually reinforces why all of their state-law claims should be dismissed. The plaintiff there alleged in support of his unfair competition claim that the defendants published his e-mail name, e-mail addresses, service marks, and marketing text without his permission. *Id.* at 745. The claim was not preempted because none of these items were deemed by the court to be

---

[3] For musical works, the exclusive rights are as follows: "(1) to reproduce the copyrighted work in copies or phonorecords; (2) to prepare derivative works based upon the copyrighted work; (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending; (4) . . . , to perform the copyrighted work publicly; [and] (5) . . . , to display the copyrighted work publicly." 17 U.S.C. § 106.

within the subject matter of copyright.[4] *Id.* at 746. In contrast, there is no dispute (at least, not a reasonable one) that Plaintiffs' musical composition for "Greasy Frybread" is a type of work covered by the U.S. Copyright Act.

Even apart from preemption, Plaintiffs' state-law claims fail for multiple other reasons, as explained in Defendants' Motion. (Mot. at 11-14.) The Amended Response does not address any of these other arguments under Rule 12(b)(6), and therefore, Plaintiffs concede the insufficiency of their pleading. *See* S.D. Tex. Local R. 7.4 ("Failure to respond to a motion will be taken as a representation of no opposition."). The state claims should be dismissed for this reason alone.

That leaves only Plaintiffs' claims for "vicarious infringement" (Count D) and "contributory infringement" (Count E). As Defendants explained in their Motion, Plaintiffs cannot assert these claims because they admittedly lack a copyright registration. (Mot. at 9-11.) Plaintiffs argue that this requirement does not affect this Court's subject matter jurisdiction. (Am. Resp. at 9.) While this is true, it is also immaterial because a registration is still required to plead a claim, whether for direct infringement (which Plaintiffs abandoned from their previous complaints), vicarious infringement, or contributory infringement, as Plaintiffs acknowledge in their Amended Response (at 9).[5] *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S.

---

[4] To be clear, the scope of preemption extends beyond copyrightable material. *See Keane v. Fox Television Stations, Inc.*, 29 F. Supp. 2d 921, 944-45 (S.D. Tex. 2004) ("The Copyright Act preempts states' efforts to protect items that are in principle the type of material covered by the Act even though these items would not merit federal statutory protection because they are 'too minimal or lacking in originality to qualify, or because it has fallen into the public domain.' More specifically, when claims involve the misappropriation of intellectual property, 'section 301 preemption bars state law misappropriation claims with respect to uncopyrightable as well as copyrightable elements.'") (citations omitted).

[5] Accordingly, Plaintiffs' musicologist report (Am. Resp. 5-8 & Ex. C) and arguments regarding substantial similarity (*id.* at 8-9) are completely irrelevant to the resolution of Defendants' Motion. Suffice it to say, Defendants adamantly dispute Plaintiffs' claim that "Enough (Miami)" infringes their rights in "Greasy Frybread."

Ct. 881, 887 (2019). ("[R]egistration is akin to an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights."); *see also Reed Elsevier, Inc. v. Muchnick*, 559 US 154, 158 (2010) (noting that 17 U.S.C. § 411 "establishes a condition—copyright registration—that plaintiffs ordinarily must satisfy before filing an infringement claim and invoking the Act's remedial provisions").

For all these reasons, even if this Court finds that it has personal jurisdiction, it should nonetheless dismiss this action for failure to state a claim.

**C.    Plaintiffs Are Not Entitled to File a Sur-Reply.**

Neither the Federal Rules of Civil Procedure nor the local rules of this District provide Plaintiffs with the right to file a sur-reply in response to a motion. Nevertheless, Plaintiffs improperly filed a sur-reply during briefing on each of Defendants' previous motions to dismiss without obtaining leave of this Court and without regard to the rules.[6] (ECF Nos. 36 & 65.) To avoid the additional burden and expense of filing a separate motion to strike, Defendants hereby preemptively request this Court to strike any sur-reply that is filed by Plaintiffs without seeking and obtaining leave.

## II.    CONCLUSION

For the foregoing reasons and those set forth in their opening brief, Defendants respectfully request that the Court grant their Motion and dismiss this action in its entirety.

Dated:  August 5, 2025

/s/ W. Andrew Pequignot
Brett D. Solberg Texas Bar No. 24070651
S.D. Tex. Bar No. 1188910
DLA PIPER LLP (US)
845 Texas Avenue, Suite 3800

[6] Plaintiffs have a habit of improperly filing pleadings without leave. For example, they were recently admonished by this Court at the last hearing for filing their Second Amended Complaint without consent from Defendants or leave from this Court.

9

Houston, Texas 77002-5005
(713) 425-8482 (telephone)
brett.solberg@us.dlapiper.com

Taylor O. Reed Texas Bar No. 24101958
S.D. Tex. Bar No. 3895240
1900 N. Pearl St., Suite 2200
Dallas, Texas 75201
(214) 743-4500 (telephone)
taylor.reed@us.dlapiper.com

Lisa F. Moore (admitted PHV)
W. Andrew Pequignot (admitted PHV)
MOORE PEQUIGNOT LLC
887 West Marietta Street, Suite M-102
Atlanta, Georgia 30318
(404) 748-9596 (telephone)
lisa@themoorefirm.com
andrew@themoorefirm.com

*Attorneys for Defendants*

10

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed on this date the foregoing DEFENDANTS'

REPLY IN SUPPORT OF THEIR SECOND RENEWED MOTION TO DISMISS with the

Clerk of the Court using the CM/ECF system, which will automatically send email notification

of such filing to all of the attorneys of record.

DATED:  August 5, 2025

/s/ W. Andrew Pequignot
W. Andrew Pequignot
