IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JOSHUA FRAUSTRO and MIGUEL AGUILAR a/k/a KEMIKAL 956,<br><br>*Plaintiffs,*<br><br>v.<br><br>BELCALIS M. ALMANZAR a/k/a CARDI B, ATLANTIC RECORDING CORPORATION, and WARNER MUSIC GROUP CORP.,<br><br>*Defendants.* | Civil Action File No.<br><br>7:24-CV-00264<br><br><br><br>(JURY REQUESTED) |

**PLAINTIFFS' EXPEDITED MOTION FOR PRELIMINARY INJUNCTION**

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

Pursuant to Federal Rule of Civil Procedure 65, Plaintiffs Joshua Fraustro and Miguel Aguilar a/k/a Kemikal 956 respectfully moves this Court for an expedited preliminary injunction to enjoin Defendants BELCALIS M. ALMANZAR a/k/a CARDI B, ATLANTIC RECORDING CORPORATION, and WARNER MUSIC GROUP CORP. from distributing, performing, or monetizing a musical composition that contains an unauthorized sample of Plaintiff's sound recording entitled "*Greasy Frybread*", released by the Defendants as "*Enough(Miami)*" and in support thereof shows unto the court::

**I. INTRODUCTION**

Defendant has unlawfully incorporated a direct sample from Plaintiffs' musical composition entitled "*Greasy Frybread"* into Defendant's commercial release, *"Enough (Miami)"*, without permission from Plaintiffs.

Defendant Belcalis Almazar a/k/a Cardi B's sophomore album, which promotes the song

"Enough(Miami)" as its main track, is set to be released on September 19, 2025[1]

Defendants' continued exploitation of the infringing track threatens to cause irreparable harm to Plaintiff's creative work, monetary value, and artistic reputation.

. For these reasons, Plaintiffs seek an expedited injunction.

An immediate preliminary injunction is necessary to preserve the status quo and protect Plaintiff's rights pending final adjudication.

## II.  BACKGROUND FACTS

1. Plaintiffs are award winning recording artists with over 30 years of combined music production experience and the rightful owners of the sound recording *"Greasy Frybread"*, released on the FX/Hulu Network's *Reservation Dogs* which aired on or about August 23, 2021.[2] ***See attached Exhibits "A" and "B" incorporated by reference as though fully set forth herein.***

2. Defendant released the song *"Enough (Miami)"* on or about March 15, 2024, which includes a "twenty separate and distinct musical elements and characteristics found in "*Greasy Frybread*" can be found, as well, in "*Enough(Miami)*" from Plaintiff's recording, used without Plaintiffs' authorization. ***See attached Exhibit "C," attached hereto and incorporated by reference as though fully set forth herein.***

3. After Plaintiffs filed suit and Defendants' motion to dismiss having been denied three times to date, **ECF No. 22; ECF No. 54; ECF No. 55; and ECF No. 66.**, Defendants have continued to distribute the song on platforms including Spotify, Apple Music, YouTube, the open market, etc., and are scheduled to release Defendant Belcalis Almazar a/k/a Cardi B's sophomore album, which promotes the song "*Enough (Miami*)" as its main track, set to be released on September 19, 2025.[3]

4. The release of the album including the song "*Enough (Miami)"* will cause irreparable harm to Plaintiffs. ***Ex. "A" and "B."***

---

[1] Cardi B 'AM I THE DRAMA?' Album Release Date | Hypebeast
[2] Reservation Dogs | FX Schedule Archive Wiki | Fandom
[3] Instagram

### III. LEGAL STANDARD

To obtain a preliminary injunction in the Southern District of District of Texas as per the Fifth Circuit, Plaintiffs must show:

1. A substantial likelihood of success on the merits;
2. A substantial threat of irreparable harm;
3. The balance of hardships favors the movant; and
4. The injunction would not disserve the public interest.

See *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011).

### IV. ARGUMENT

**A. Plaintiffs are Likely to Succeed on the Merits**

To prove original music infringement, Plaintiff must show:

1. Ownership of the original music composition, and
2. Copying of original elements.

See *Creations Unlimited, Inc. v. McCain*, 112 F.3d 814, 816 (5th Cir. 1997).

Plaintiffs are the original creators and hold a valid interest in *"Greasy Frybread"*, which was sampled directly and audibly in *"Enough (Miami)"*. Twenty separate and distinct musical elements and characteristics are copied in Defendants song "*Enough (Miami)*" from Plaintiffs original musical composition "*Greasy Frybread*." **Ex. "C"**

Sampling—even short segments—can constitute infringement. See *Bridgeport Music, Inc. v. Dimension Films*, 410 F.3d 792, 801 (6th Cir. 2005).

Defendant's use was not de minimis or transformative and involved a verbatim digital copy. There is no evidence Plaintiffs ever authorized this use.

**B. Plaintiff Faces Irreparable Harm Absent Injunctive Relief**

Unauthorized sampling damages Plaintiff's ability to control and monetize their work, particularly in the competitive music licensing market. Courts have found such loss of control and harm to creative reputation to constitute irreparable harm. See *Paulsson Geophysical Servs., Inc. v.*

*Sigmar*, 529 F.3d 303, 312 (5th Cir. 2008).

Monetary damages alone are insufficient to remedy the ongoing dilution and consumer confusion resulting from unauthorized sampling.

## C. The Balance of Hardships Favors Plaintiff

Defendants will only be restrained from continuing further distribution until further order of the court or trial on the merits. Plaintiffs, by contrast, suffers ongoing exploitation of a creative asset, loss of exclusivity, and risk of market saturation that undermines licensing potential. This is a clear imbalance of harms.

## D. Injunctive Relief Serves the Public Interest

The public has a strong interest in the protection of original creative work. *Bridgeport Music v. Justin Combs*, 2013 WL 3554406 United States District Court, S.D. Texas, Houston Division (2013).

The Plaintiffs' exclusive rights to "*Greasy Frybread*" as analyzed by Dr. Tomaro show those rights are being diluted.

Furthermore, it is common knowledge that music artists are entitled to royalties on their original music creations which in the instant case are being avoided.

This results in serious and substantial market position for Plaintiffs who creation and branding of "*Greasy Frybread*" are being undermined by the continued release and distribution of "*Enough (Miami)*" by Defendants.

Therefore, injunctive relief served the public interest.

## V. CONCLUSION

**A. Plaintiffs have Proven all Elements for the Four-Factor Test for an Expedited Preliminary Injunction under *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011); *Valley v. Rapides Parish Sch. Bd.*, 118 F.3d 1047, 1051 (5th Cir. 1997)**

1. Plaintiffs have shown they are likely to succeed on the merits. Defendant has unlawfully incorporated a direct sample from Plaintiffs' musical composition entitled "*Greasy Frybread*" into

Defendant's commercial release, *"Enough (Miami)"*, without permission from Plaintiffs. Twenty separate and distinct musical elements and characteristics found in "*Greasy Frybread*" can be found, as well, in "*Enough(Miami)*. **Ex. "C."**

2. Plaintiffs have shown they face irreparable harm absent injunctive relief. Defendant Belcalis Almazar a/k/a Cardi B's sophomore album, which promotes the song "*Enough (Miami)*" as its main track, is set to be released on September 19, 2025.

3. The balance of hardships favors the Plaintiffs. There are 23 total song slots that are to be released on the album. Should Cardi B and her associate be permitted to release the album including the single "*Enough (Miami)*," the damages to Plaintiffs will not only be irreparable, but almost impossible to calculate. Enjoining the release of one song from an album with 23 song slots is less damage than allowing it to be released.

4. Injunctive relief serves the public interest. This is clear applying the facts to the applicable law as cited herein.

**B.   Plaintiffs have proven they will suffer irreparable Harm Warranting the Granting of a Preliminary Injunction under *Paulsson Geophysical Servs., Inc. v. Sigmar*, 529 F.3d 303 (5th Cir. 2008).**

Federal courts have long recognized that, when the threatened harm is more than de minimis, it is not so much the magnitude but the irreparability that counts for purposes of a preliminary injunction. [A]n injury is irreparable only if it cannot be undone through monetary remedies. The absence of an available remedy by which the movant can later recover monetary damages may be sufficient to show irreparable injury. *Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472-73 (5th Cir.1985).

The United States Southern District of Texas has held that, "[w]hen a likelihood of confusion exists, the plaintiff's lack of control over the quality of the defendant's goods or services constitutes an immediate and irreparable injury, regardless of the actual quality of those goods or services." *Quantum Fitness Corp. v. Quantum Lifestyle Ctrs., L.L.C.*, 83 F.Supp.2d 810, 831 (S.D.Tex.1999).

Many other circuits, however, have addressed this issue and held that a court may presume irreparable injury upon finding a likelihood of confusion in origin. See *Brennan's, Inc. v. Brennan's Rest., L.L.C.,* 360 F.3d 125, 129 (2d Cir.2004); *Ty, Inc. v. Jones Group, Inc.,* 237 F.3d 891, 902 (7th Cir.2001); *GoTo.com, Inc. v. Walt Disney Co.,* 202 F.3d 1199, 1209 (9th Cir.2000); *Circuit City Stores, Inc. v. CarMax, Inc.,* 165 F.3d 1047, 1056 (6th Cir.1999); *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1310 (11th Cir.1998); *Pappan Enters., Inc. v. Hardee's Food Sys., Inc.,* 143 F.3d 800, 805 (3d Cir.1998); *Societe Des Produits Nestle, S.A. v. Casa Helvetia, Inc.,* 982 F.2d 633, 640 (1st Cir.1992); *Black Hills Jewelry Mfg. Co. v. Gold Rush, Inc.,* 633 F.2d 746, 753 n. 7 (8th Cir.1980).

Since oral argument, the Eleventh Circuit has noted that "a recent U.S. Supreme Court case calls into question whether courts may presume irreparable harm merely because a plaintiff in an intellectual property case has demonstrated a likelihood of success on the merits." *N. Am. Med. Corp. v. Axion Worldwide, Inc.,* 522 F.3d 1211, 1227-28 (11th Cir.2008).

Were the court to apply the Lanham Act in this, it does not require actual copyrighting to have a cause of action under the Act. The Lanham Act makes liable, "[a]ny person who uses in commerce any word, term, name, symbol, or device, which is likely to cause confusion, or to cause mistake as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person." 15 U.S.C. § 1125(a)(1)(A).

Whether applied or not, Plaintiffs satisfy all the elements required by the Southern District as affirmed by the Fifth Circuit to be granted a preliminary injunction and that it be expedited given the facts and relevant stated herein.

## VI. PRAYER

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Grant this Motion for Preliminary Injunction; FRCP 65(b)(3)

2. Enjoin Defendant from any further performing, publishing, distributing, or monetizing *"Enough (Miami)"* or any derivative works containing Plaintiff's sample until further order of the court;

3. Order Defendant to remove the infringing content from all digital platforms until further order of the court;

4. Require Defendant to preserve all revenues and data related to the infringing work pending final judgment; and

5. Grant such other relief as this Court deems just and appropriate.

Dated:  August 12, 2025.

                                   Respectfully Submitted,

                                   /s/ *Robert R. Flores*
                                   Robert R. Flores
                                   Texas Bar No. 24071887
                                   S.D. Tex. Bar No. 2331246
                                   Email: robert@rrfloreslaw.com
                                   ROBERT R FLORES LAW FIRM PLLC
                                   612 W. Nolana Ave., Suite 310
                                   McAllen, Texas 78504
                                   (956) 329-1099 (telephone)
                                   *Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

Pursuant to Rule 65(a)(1), I hereby certify that a true and correct copy of the fore going document was served upon all Defendants by and through their counsel of record by the Southern District of Texas ECF method on Tuesday August 12, 2025.

Signed,

Robert R. Flores

*Plaintiff*