**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | |
|---|---|
| JOSHUA FRAUSTRO and MIGUEL AGUILAR a/k/a KEMIKAL1956, <br><br> Plaintiffs, <br><br> v. <br><br> BELCALIS ALMANZAR a/k/a CARDI B, ATLANTIC RECORDING CORPORATION, and WARNER MUSIC GROUP CORP., <br><br> Defendants. | Civil Action File No. <br><br> 7:24-CV-00264 |

**DEFENDANTS' RESPONSE TO**
**PLAINTIFFS' EXPEDITED MOTION FOR PRELIMINARY INJUNCTION**

Defendant Belcalis Almanzar ("Almanzar"), along with Defendants Atlantic Recording Corporation ("Atlantic") and Warner Music Group Corp. ("Warner," together with Atlantic, the "Corporate Defendants," and collectively with Almanzar, "Defendants"), respectfully submit this Response to the Expedited Motion for Preliminary Injunction (ECF No. 71, the "Injunction Motion" or "Inj. Mot.") filed by Plaintiffs Joshua Fraustro and Miguel Aguilar (together, "Plaintiffs"). For the reasons set forth below, Plaintiffs' Injunction Motion should be denied in its entirety.

## I.        INTRODUCTION

More than a year into this case, it is admittedly difficult for Defendants to remain measured in response Plaintiffs' unintelligible pleadings. With each filing, Defendants are forced to decipher Plaintiffs' newly asserted positions, which are frequently inconsistent with Plaintiffs' *multiple* complaints and the representations made in their prior briefs. It is akin to a never-ending

game of Whac-A-Mole where every time Defendants discredit one approach, Plaintiffs change

tack until eventually, months later, the discredited approach pops back up again.

Plaintiffs' Injunction Motion continues this pattern of making incoherent arguments that

are not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or

reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). In particular, the

Injunction Motion relies on claims that Plaintiffs expressly disavowed. It raises another claim

that they never pled. It continues to ignore black-letter law that they previously conceded. It pays

mere lip service to the "heavy burden" Plaintiffs must carry to invoke this "extraordinary

remedy." And it ignores altogether their *17-month* delay in seeking injunctive relief, which fully

undercuts their allegation of irreparable harm and need for "expedited" relief. In short, the

Injunction Motion is utterly meritless (as further detailed below).[1]

## II.    BACKGROUND

Plaintiffs allege that they are music producers who reside in Hidalgo County, Texas.

(ECF No. 57 ("Second Amended Complaint" or "Second Am. Compl.") at 1.) They purportedly

wrote a musical composition titled "Greasy Frybread" in 2021, which was then performed by a

music artist named Sten Joddi. (*Id.* at 4-5.)

Defendant Almanzar is a music artist professionally known as "Cardi B." (*Id.* at 5.)

Plaintiffs contend that Almanzar's song "Enough (Miami)" infringes their rights in "Greasy

Frybread." (*Id.*) Plaintiffs allege that the Corporate Defendants are liable for participating in the

production and distribution of Almanzar's allegedly infringing song. (*Id.* at 7.)

---

[1] While Defendants have chosen not to burden the Court with a sanctions motion at this stage, they respectfully reserve all rights to seek appropriate relief in the future, including under Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927. The Court can, of course, on its own initiative require Plaintiffs and their attorney to show cause why they should not be sanctioned for filing a frivolous pleading. Fed. R. Civ. P. 11(c)(3).

Since filing this action on July 3, 2024 (ECF No. 1 (the "Original Complaint")), Plaintiffs' claims have repeatedly shifted. The Original Complaint asserted the following claims: (1) direct copyright infringement under the U.S. Copyright Act, 17 U.S.C. § 101, *et seq*. (the "Copyright Act"); (2) vicarious copyright infringement against the Corporate Defendants; (3) contributory copyright infringement against the Corporate Defendants; (4) unfair competition under the federal Lanham Act, 15 U.S.C. § 1051, *et seq.* (the "Lanham Act"); and (5) misappropriation under Texas state law. (*Id.* at 3-5.) Plaintiffs filed a First Amended Complaint on August 2, 2024, replacing the claim for federal copyright infringement under the Copyright Act with a claim for "common law" copyright infringement and adding Texas state law claims for conversion and quantum meruit. (ECF No. 15 ("First Amended Complaint") at 3-6.)

Almanzar and the Corporate Defendants filed motions to dismiss the First Amended Complaint on September 30, 2024 (ECF No. 22) and March 13, 2025 (ECF No. 54), respectively. Three months after Almanzar's motion was fully briefed, on February 26, 2025, Plaintiffs moved for leave to file *another* amended complaint. (ECF No. 47.) The proposed amended complaint that was attached to Plaintiffs' motion (the "Proposed Second Amended Complaint") did not seek to amend the claims for relief that were asserted in the First Amended Complaint but rather only sought "to exclude the dismissed parties from the complaint; to only include information relevant to the remaining named parties; and to amend the formatting of the complaint to be consistent with the complaint for civil case formatting required in the United States Southern District of Texas; and request trial by jury." (*Id.* at 2.)

At the hearing on March 13, 2025, the Court granted Plaintiffs leave to file the Proposed Second Amended Complaint and denied Defendants' then-pending motions to dismiss without prejudice to refiling a renewed motion to dismiss to address the Proposed Second Amended

Complaint by April 3, 2025. Defendants filed their renewed motion on that date in accordance with the Court's Order. (ECF No. 55 (the "Renewed Motion to Dismiss").)

Ten days later, Plaintiffs filed the operative Second Amended Complaint, which is materially different from the Proposed Second Amended Complaint that the Court permitted them to file. Among other changes, their new pleading revised the causes of action once again by dropping the claims for conversion, quantum meruit, and common law copyright infringement, removing the reference to the Lanham Act under the unfair competition claim—thereby suggesting that they are now relying on state law rather than federal law (which they later confirmed in their response to Defendants' previous Renewed Motion to Dismiss, ECF No. 59 at 9-10)—and adding claims for tortious interference and defamation. (Second Am. Compl. at 6-8.)

Plaintiffs did not seek or obtain consent from Defendants or leave from the Court to file this version of the Second Amended Complaint. Nevertheless, at the June 17, 2025 hearing on Defendants' pending motion, the Court accepted Plaintiffs' pleading and denied the fully briefed Renewed Motion to Dismiss with leave to file another renewed motion on or before July 8, 2025 to address Plaintiffs' revised allegations and claims. Defendants filed their pending Second Renewed Motion to Dismiss on that date (ECF No. 66), Plaintiffs filed their response on July 29, 2025 (ECF No. 68), and Defendants filed their reply on August 5, 2025 (ECF No. 70).

Plaintiffs filed the present Injunction Motion on August 12, 2025, more than a year after commencing this lawsuit and 17 months after "Enough (Miami)" was released.

### III.    ARGUMENT

**A.    Granting Defendants' Pending Second Renewed Motion to Dismiss Requires the Denial of Plaintiffs' Injunction Motion.**

Defendants' fully briefed Second Renewed Motion to Dismiss is currently pending before the Court on the grounds that Plaintiffs failed to satisfy their *prima facie* burden to plead

4

personal jurisdiction over Defendants under Rule 12(b)(2) and separately failed to plead a valid claim under Rule 12(b)(6). Starting with the first basis for dismissal, the Court cannot grant Plaintiffs' requested injunctive relief (or any other relief) without first determining that personal jurisdiction exists. *Enter. Intern., Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 471 (5th Cir. 1985) (reversing issuance of preliminary injunction where the district court did not first determine that it had personal jurisdiction). As set forth in Defendants' Second Renewed Motion to Dismiss (at 4-9), Plaintiffs did not sustain their burden to establish personal jurisdiction in the Second Amended Complaint (or any of the *three* prior complaints), and the Injunction Motion should be denied for this reason alone.

Turning to the second basis for dismissal, even if the Court were to determine that personal jurisdiction has been adequately pled, Plaintiffs failed to state a valid claim as detailed in the Second Renewed Motion to Dismiss (at 9-14). And because the "likelihood of success on the merits" requirement for a preliminary injunction (*infra* III.B.) is a more stringent burden than pleading a claim under Rule 12(b)(6), Plaintiffs' failure to state a claim necessarily means that their Injunction Motion must also be denied. *See DTND Sierra Invs. LLC v. Bank of N.Y. Mellon Trust Co.*, 958 F. Supp. 2d 738, 752-53 (W.D. Tex. 2013) ("Because Plaintiff has not pleaded a single viable cause of action, he cannot make this showing [of a likelihood of success on his claims] and accordingly his request for injunctive relief is dismissed.") (citing *Pajooh v. Harmon*, 82 Fed. App'x 898, 899 (5th Cir. 2003)).

Because Plaintiffs' operative Second Amended Complaint is subject to dismissal, the Court must also deny the Injunction Motion.

**B.**     **Plaintiffs' Request for Preliminary Injunctive Relief Is Entirely Unfounded.**

Even putting aside Defendants' pending motion, the Injunction Motion should be denied as it is completely baseless. The elements required for Plaintiffs to establish entitlement to preliminary injunctive relief are well-established. Plaintiffs must prove:

> (1) a substantial likelihood that [they] will prevail on the merits, (2) a substantial threat that [they] will suffer irreparable injury if the injunction is not granted, (3) that [their] threatened injury outweighs the threatened harm to the party whom [they] seeks to enjoin, and (4) that granting the preliminary injunction will not disserve the public interest.

*PCI Transp., Inc. v. Fort Worth & Western R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005).

This Circuit has "cautioned repeatedly that a preliminary injunction is an *extraordinary remedy* which should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Id.* at 545 (citation and quotation marks omitted; emphasis added). If Plaintiffs are unable to carry this "heavy burden" on even a single element, "a preliminary injunction may not issue and, if issued, will be vacated on appeal." *Enter. Intern., Inc.*, 762 F.2d at 472; *see also Morales-Keesee Design Assocs., Inc. v. Sorrento Fine Home Builders, LLC*, No. 7:09-cv-115, 2009 WL 10694838, at *1 (S.D. Tex. June 15, 2009) (Crane, J.) (denying preliminary injunction in copyright case where plaintiff established a substantial likelihood of success but failed to show irreparable harm, emphasizing that all four factors must be satisfied). Plaintiffs have not come remotely close to meeting the requirements for this "extraordinary remedy." *See PCI Transp., Inc.*, 418 F.3d at 545.

**1.**     **Plaintiffs Have Not Proven (and Cannot Prove) a Likelihood of Success.**

In support of the "likelihood of success on the merits" prong of the injunction standard, Plaintiffs claim they have proven "music infringement" and cite a case decided under the Copyright Act. (Inj. Mot. at 3 (citing *Creations Unlimited, Inc. v. McCain*, 112 F.3d 814 (5th

Cir. 1997), which affirmed the dismissal of copyright infringement claims).) Plaintiffs' argument is astonishingly frivolous for multiple reasons.

*First*, Plaintiffs' last pleading filed *only two weeks* before their Injunction Motion insisted that none of their existing claims implicate the Copyright Act. (ECF No. 69 at 5.) In fact, they accused Defendants of attempting to "mislead the court" by stating otherwise. (*Id.* ("Defendants continue to attempt to mislead the court that Plaintiffs bring claims under the U.S. Copyright Act.").) It is impossible to reconcile the position they are taking with this Court now with the position they took mere weeks ago. It is clear that Plaintiffs are simply arguing whatever is most expedient at the time regardless of the merits, and they should be held to account for their untethered assertions and contradictory theories. *Cf. Ergo Sci., Inc. v. Martin*, 73 F.3d 595, 600 (5th Cir. 1996) (affirming district court's reliance on prior statements made by counsel).

*Second*, Plaintiffs appear to allege infringement of a sound recording in the Injunction Motion *for the first time*. Under the Copyright Act, musical compositions and sound recordings are protected separately. 17 U.S.C. § 102(2) ("musical works") & (7) ("sound recordings"). This action has been pending for more than a year, and during that time, Plaintiffs have *never* alleged (in their four different complaints or otherwise) that they own the sound recording in "Greasy Frybread." Rather, they have always claimed copying of their "musical composition," which is consistent with at least portions of their Injunction Motion (at 1, 3, & 4 (referring to "musical composition").) But the Injunction Motion also now alleges "sampling" (at 1, 3, 4 & 7), which is a term associated with the use of one sound recording in another sound recording, and cite *Bridgeport Music, Inc. v. Dimension Films*, 410 F.3d 792 (6th Cir. 2005), which is a case that only addressed infringement of a sound recording. Once again, one is left to guess what Plaintiffs

are even arguing, and Defendants and this Court are tasked with the impossible burden of trying to figure it out.

*Third*, Plaintiffs acknowledge they do not have a copyright registration, and Defendants have explained to them repeatedly from the very beginning of this case that they cannot assert a copyright claim without a valid registration.[2] 17 U.S.C. § 411(a) (providing that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title"); *see also Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 887 (2019). ("[R]egistration is akin to an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights."). Plaintiffs previously conceded this black-letter law (ECF No. 69 at 9 ("Under federal law, specifically 17 U.S.C.A. § 411 (a), a copyright claimant must generally register the copyright claim before pursuing an infringement claim in court.")), which makes it all the more puzzling that their Injunction Motion purports to invoke the Copyright Act. In any event, whatever form of copyright infringement Plaintiffs believe they are asserting, whether direct, vicarious, or contributory, and whichever work they are attempting to argue was infringed, whether the musical composition, the sound recording, or both, the claim cannot be asserted in this case without a valid copyright registration.[3]

*Fourth*, even assuming *arguendo* that Plaintiffs obtained a valid copyright registration and therefore could in theory bring a claim under the Copyright Act, they already dismissed their

---

[2] Defendants' counsel brought up the lack of a copyright registration in the very first call with Plaintiffs' attorney, which led to Plaintiffs dropping their claim for direct copyright infringement and asserting "common law" infringement instead (which they later dropped after Defendants explained that the claim was preempted by the Copyright Act).

[3] Although this Court cannot entertain the merits of Plaintiffs' copyright claims given the lack of a valid registration, suffice it to say, Defendants adamantly dispute Plaintiffs' claim that "Enough (Miami)" infringes whatever rights they might own in "Greasy Frybread."

claim for direct copyright infringement (*supra* at 3) and they have not made any effort whatsoever to prove the elements of vicarious and contributory copyright infringement.[4] Indeed, the Injunction Motion does not reference these claims at all. Thus, with or without a registration, Plaintiffs' arguments in their Injunction Motion are patently insufficient to sustain their burden under this preliminary injunction requirement.

*Finally*, the Injunction Motion also makes no mention of Plaintiffs' state-law claims— i.e., tortious interference, defamation, unfair competition, and misappropriation of intellectual property. Even if Plaintiffs had relied on these claims, their Injunction Motion makes it even more clear that they are alleging nothing more than the infringement of their song and therefore these claims are likewise meritless as they are plainly preempted by the Copyright Act. (*See, e.g.*, ECF No. 66 at 11-12; ECF No. 70 at 6-9.)

Because Plaintiffs cannot demonstrate a likelihood of success on any theory they have pled, the extraordinary remedy of preliminary injunctive relief must be denied.

## 2. Plaintiffs Have Not Proven (and Cannot Prove) Irreparable Harm.

If Plaintiffs' lack of a cogent theory on the likelihood of success on the merits were not confusing enough, their alleged "irreparable harm" makes even less sense. In support of this element of the preliminary injunction standard, they cite a "likelihood of confusion." (Inj. Mot. at 5-6.) That is not a type of harm that is protected under the Copyright Act. Rather, consumer

---

[4] A plaintiff alleging vicarious infringement must show that a defendant (a) "profits directly from the infringement" and (b) "has a right and ability to supervise the direct infringer." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 n.9 (2005). To establish contributory infringement, a plaintiff must prove that a defendant (a) "induces, causes or materially contributes to infringing conduct of another" and (b) "with knowledge of the infringing activity." *Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772, 792 (5th Cir. 1999). Under both forms of liability, a plaintiff must also prove direct infringement. *See A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 n.2 (9th Cir. 2001) ("Secondary liability for copyright infringement does not exist in the absence of direct infringement by a third party.").

confusion is a trademark injury, which Plaintiffs presumably recognize because they only cite trademark infringement cases in support of this alleged harm.[5] (*Id*. at 3-6.)

But this is not a trademark-infringement case. There is no allegation that Plaintiffs own a mark that was used by Defendants in a manner that is likely to create actionable consumer confusion. *See Future Proof Brands, LLC v. Molson Coors Beverage Co.*, 982 F.3d 280, 289 (5th Cir. 2020) (citing the factors that courts in this Circuit consider when evaluating the likelihood of success on a trademark-infringement claim). Even more bewildering, the Injunction Motion cites the Lanham Act (at 6) when Plaintiffs previously removed all references to this statute from their Second Amended Complaint and then represented to the Court that the "*Lanham Act does not apply to Plaintiffs' Second Amended Complaint*."[6] (ECF No. 59 at 9 (emphasis added).) It is as if Plaintiffs filed their Injunction Motion without once considering their allegations in the Second Amended Complaint and the representations they made to the Court in their prior briefs.

Plaintiffs' argument in support of irreparable harm is not even internally consistent within their Injunction Motion. Even if Plaintiffs had established a likelihood of success on the merits (they clearly have not), the alleged irreparable harm used to seek injunctive relief must stem from *that* claim and not some *other* claim that they have never alleged or proven. That is especially critical here where Plaintiffs attempt to rely on a presumption of irreparable harm in Lanham Act cases (Inj. Mot. at 6) that does not exist in copyright cases.[7] *See Plains Cotton*

---

[5] Plaintiffs also gratuitously reference "dilution" in their Injunction Motion (at 4), which is a different type of trademark claim. *See* 15 U.S.C. § 1125(c); Tex. Bus. & Com. Code § 16.103. Plaintiffs have never pled a claim for dilution in this case (nor would one be appropriate here).

[6] Plaintiffs removed the Lanham Act claim after Defendants made them aware that the Supreme Court's decision in *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003), clearly bars claims for false attribution of a creative work. (ECF No. 55 at 9-10.)

[7] In *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388 (2006), a patent case, the Supreme Court rejected a presumption that injunctive relief should issue once the plaintiff has established

*Coop. Ass'n of Lubbock, Texas v. Goodpasture Computer Serv., Inc.*, 807 F.2d 1256, 1261 (5th Cir. 1987) (rejecting presumption of irreparable harm in copyright infringement case); *see also Morales-Keesee Design Assocs., Inc.*, 2009 WL 10694838, at *1 (same). Aside from a non-applicable presumption, Plaintiffs have not cited any harm other than the loss of money, which is not irreparable. *See DFW Metro Line Servs. v. Sw. Bell Tel. Co.*, 901 F.2d 1267, 1269 (5th Cir. 1990) ("There can be no irreparable injury where money damages would adequately compensate a plaintiff."). Indeed, their demand of a specific monetary amount (ECF No. 2), squarely undermines their plea of irreparable harm.

Lastly, Plaintiffs waited more than a year after this case was commenced before filing their Injunction Motion, which further belies their contention of any irreparable harm. "Irreparable injury connotes ongoing serious harm that calls for prompt action by the moving party before it can ask the court for an immediate injunction pending trial." *Amid, Inc. v. Med. Alert Found. United States, Inc.*, 241 F. Supp. 3d 788, 821 (S.D. Tex. 2017) (quotation marks and citation omitted). And "a substantial period of delay militates against the issuance of a preliminary injunction by demonstrating that there is no apparent urgency to the request for injunctive relief." *Id.* (quotation marks and citation omitted).

Plaintiffs allege that Almanzar's song "Enough (Miami)" was released on March 15, 2024. (Second Am. Compl. at 5.) And when they filed their Original Complaint on July 3, 2024, they claimed irreparable harm already existed. (Original Complaint at 5.) However, they did not

---

infringement and noted that the rule is the same in copyright cases. *Id.* at 392 ("[A]s in our decision today, this Court has consistently rejected invitations to replace traditional equitable considerations with a rule that an injunction automatically follows a determination that a copyright has been infringed."). To address the uncertainty of whether a presumption of irreparable harm still applied in trademark cases, Congress amended the Lanham Act. *See* 15 U.S.C. § 1116(a). There has been no such amendment to the Copyright Act.

seek a preliminary injunction until August 12, 2025. Their *17-month* delay from when Almanzar released her song thoroughly rebuts their allegation of irreparable harm. *See Boire v. Pilot Freight Carriers, Inc.*, 515 F.2d 1185, 1193 (5th Cir. 1975) (affirming the district court's denial of temporary injunctive relief when the movant, among other things, delayed three months in making his request); *see also Amid, Inc.*, 241 F. Supp. 3d at 823 (less delay weighed against finding of irreparable harm).

The lack of any irreparable harm also standing alone precludes Plaintiffs from being awarded their requested preliminary injunctive relief.

      **3.**       **Plaintiffs Also Have Not Satisfied the Other Remaining Injunction Elements.**

As discussed *supra*, Plaintiffs have failed to demonstrate a substantial likelihood of success on the merits or irreparable harm, and either failure standing alone is fatal to their Injunction Motion. Although the Court need not reach the third and fourth factors, Plaintiffs also have not satisfied them. Plaintiffs' arguments on the "balance of hardships" and "public interest" are made up entirely of conclusory and speculative allegations and, in the case of their affidavits (Exs. A & B), also inadmissible hearsay about supposed industry backlash. Simply put, Plaintiffs have not met their heavy burden to prove they are entitled to a preliminary injunction.

## IV.    CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court deny the Injunction Motion and award such other and further relief to Defendants as the Court deems just and proper.

Dated:  September 2, 2025

                      /s/ W. Andrew Pequignot
                      Brett D. Solberg Texas Bar No. 24070651
                      S.D. Tex. Bar No. 1188910
                      DLA PIPER LLP (US)
                      845 Texas Avenue, Suite 3800

Houston, Texas 77002-5005
(713) 425-8482 (telephone)
brett.solberg@us.dlapiper.com

Taylor O. Reed Texas Bar No. 24101958
S.D. Tex. Bar No. 3895240
1900 N. Pearl St., Suite 2200
Dallas, Texas 75201
(214) 743-4500 (telephone)
taylor.reed@us.dlapiper.com

Lisa F. Moore (admitted PHV)
W. Andrew Pequignot (admitted PHV)
MOORE PEQUIGNOT LLC
887 West Marietta Street, Suite M-102
Atlanta, Georgia 30318
(404) 748-9596 (telephone)
lisa@themoorefirm.com
andrew@themoorefirm.com

*Attorneys for Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I electronically filed on this date the foregoing DEFENDANTS'

RESPONSE TO PLAINTIFFS' EXPEDITED MOTION FOR PRELIMINARY INJUNCTION

with the Clerk of the Court using the CM/ECF system, which will automatically send email

notification of such filing to all of the attorneys of record.

DATED:  September 2, 2025

/s/ W. Andrew Pequignot

W. Andrew Pequignot
