IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JOSHUA FRAUSTRO and MIGUEL AGUILAR p/k/a "KEMIKAL 956," Plaintiffs, | § § § § § |
| v. | § Civil Action No. 7:24-cv-00264 |
| BELCALIS ALMÁNZAR p/k/a "CARDI B," et al., Defendants. | § § § § |

**PLAINTIFF'S BRIEF IN SUPPORT OF SUPPLEMENTAL AMENDED COMPLAINT FOR MISAPPROPRIATION OF MUSICAL COMPOSITION**

### I. INTRODUCTION

This brief supports Plaintiff Joshua Fraustro's Supplemental Amended Complaint asserting Texas common-law misappropriation and unjust-enrichment claims arising from Defendant Belcalis Almánzar a/k/a Cardi B's unauthorized appropriation of Fraustro's original 2022 musical composition.

Because Fraustro's composition was only recently federally registered, and Defendant subsequently copyrighted and commercialized a substantially similar work in 2024, federal copyright law does not preclude state-law protection for Plaintiff's *preexisting creative property rights*.

The Texas misappropriation doctrine fills that gap and provides an equitable remedy for Defendant's unfair commercial exploitation of another's original labor and talent.

### II. GOVERNING LAW

**A. Federal Preemption Framework**

Under 17 U.S.C. § 301(a), state-law claims are preempted only when:

1. the work at issue falls within the "subject matter of copyright"; and
2. the state right asserted is "equivalent" to exclusive rights under § 106.

(*See Alcatel USA v. DGI Techs.*, 166 F.3d 772, 787 (5th Cir. 1999); *Daboub v. Gibbons*, 42 F.3d 285 (5th Cir. 1995)).

A claim survives preemption when it contains an "extra element" making it qualitatively different from a pure infringement claim. (*Computer Assocs. Int'l v. Altai*, 982 F.2d 693, 716 (2d Cir. 1992)).

Here, Plaintiff's claims allege misrepresentation, bad-faith appropriation, and unjust enrichment—all extra elements beyond mere copying—thus defeating preemption.

**B. Texas Common-Law Misappropriation Doctrine**

Texas recognizes the tort of misappropriation of creative labor where one party wrongfully exploits the product of another's time, skill, and talent. Elements:

1. The plaintiff created a product through substantial investment of labor, skill, and money;
2. The defendant appropriated that product for its own use or benefit; and
3. The plaintiff suffered commercial injury or unfair competition.
   (*U.S. Sporting Products, Inc. v. Johnny Stewart Game Calls, Inc.*, 865 S.W.2d 214, 218 (Tex. App.—Waco 1993, writ denied)).

The Waco Court of Appeals expressly held that this claim remains viable for unregistered recordings and sounds because it "protects the fruits of creative labor" and is *not preempted* where it rests on unfair-competition principles.

Texas courts have applied this doctrine in creative contexts involving recordings, artistic compilations, and sound effects, reasoning that equity forbids one party from "reaping where another has sown." *Id.* at 217-18.

**C. Common-Law Copyright in Unpublished Works**

Before federal registration, an author's unpublished work enjoys common-law copyright protection under state law. That right endures until the work is intentionally published or disseminated without restriction. (*See Brown v. Souza*, 708 S.W.2d Brown (Tex. App. 1986); *Estate of Hemingway v. Random House*, 23 N.Y.2d 341 (1968)).

Fraustro's 2022 composition was performed regionally and shared privately with producers; those limited distributions did not extinguish his common-law ownership. Cardi B's later registration and release therefore constitute *appropriation* of a still-protected work.

Plaintiffs have a pending copyright of the music and musical arrangement with the United States Copyright Office as registered in Case **#:** 1-15030201921.

### III. APPLICATION TO FRAUSTRO AND AGUILAR'S CLAIM

1. **Distinct Creation and Labor:**

    Fraustro and Aguilar composed, recorded, and circulated thier 2021 work years before Defendant's 2024 registration, investing significant creative skill and resources.

2. **Bad-Faith Appropriation:**

    Defendant's later release incorporated twenty-three specific musical elements identified by an expert musicologist.

    This deliberate copying and re-branding constitutes an unfair commercial use—an "extra element" of deception and competition that removes the claim from § 301 preemption.

3. **Independent State-Law Injury:**

    Plaintiff's damages arise from loss of recognition, market displacement, and unjust

enrichment, not merely from duplication of a protected expression.

Such injuries are precisely those Texas misappropriation law was designed to remedy.

4. **Jurisdiction:**

Supplemental jurisdiction under 28 U.S.C. § 1367(a) is proper because these state claims derive from the same nucleus of operative facts as Plaintiff's prior federal claims.

### IV. SUPPORTING AUTHORITIES

- *U.S. Sporting Products, Inc. v. Johnny Stewart Game Calls, Inc.*, 865 S.W.2d 214 (Tex. App.—Waco 1993, writ denied)
  (upholding Texas misappropriation claim for unregistered recordings; not preempted).

- *Alcatel USA v. DGI Techs.*, 166 F.3d 772 (5th Cir. 1999)
  (preemption avoided where claim contains extra elements of unfair competition).

- *Kewanee Oil Co. v. Bicron Corp.*, 416 U.S. 470 (1974)
  (state protection of creative or trade-secret material complements federal policy).

- *Computer Assocs. v. Altai*, 982 F.2d 693 (2d Cir. 1992)
  (extra-element test widely adopted).

- *City of Dallas v. Vinson*, No. 05-14-01415-CV, 2015 WL 4600069 (Tex. App.—Dallas July 31 2015)
  (unjust-enrichment recovery available for wrongful benefit from another's property).

### V. CONCLUSION

Texas law protects creators whose unregistered works are wrongfully taken and commercialized by others.

Because Plaintiff's claims assert *misappropriation, bad faith, and unjust enrichment*— each an extra element beyond federal copyright rights—those claims are not preempted and are properly before this Court under supplemental jurisdiction.

Plaintiff therefore respectfully requests that the Court:

1. Recognize the viability of the misappropriation and unjust-enrichment counts;

2. Deny any motion to dismiss or strike those claims; and

3. Permit discovery and trial on Defendant's unauthorized use of Plaintiff's unregistered musical composition.

          Respectfully submitted,

          ROBERT R. FLORES LAW FIRM, PLLC
          612 W. Nolana Ave., Suite 310
          McAllen, Texas 78504
          Tel: (956) 329-1099
          Email: robert@rrfloreslaw.com

          <u>By*: /s/ Robert R. Flores*</u>
          Robert R. Flores
          State Bar No. 24071887
          USSDTX No. 2331246
          Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

      I hereby certify that on this 31st day of October 2025, a true and correct copy of the foregoing document was served upon all counsel of record through the Court's CM/ECF electronic filing system in accordance with Federal Rule of Civil Procedure 5(b)(2)(E) and the Local Rules for the Southern District of Texas.

Signed: *Robert R. Flores*
Robert R. Flores