IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JOSHUA FRAUSTRO and MIGUEL AGUILAR a/k/a KEMIKAL956,<br><br>  Plaintiffs,<br><br>  v.<br><br>BELCALIS ALMANZAR a/k/a CARDI B, ATLANTIC RECORDING CORPORATION, and WARNER MUSIC GROUP CORP.,<br><br>  Defendants. | Civil Action File No.<br><br>7:24-CV-00264 |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT (ECF NO. 79) AND TO PLAINTIFFS' BRIEF IN SUPPORT OF SUPPLEMENTAL AMENDED COMPLAINT FOR MISAPPROPRIATION OF MUSICAL COMPOSITION (ECF NO. 80)**

Defendant Belcalis Almanzar ("Almanzar"), along with Defendants Atlantic Recording Corporation ("Atlantic") and Warner Music Group Corp. ("Warner," together with Atlantic, the "Corporate Defendants," and collectively with Almanzar, "Defendants"), respectfully submit this Response to the Motion for Leave to File Third Amended Complaint (ECF No. 79) and Brief in Support of Supplemental Amended Complaint (ECF No. 80) filed by Plaintiffs Joshua Fraustro and Miguel Aguilar (together, "Plaintiffs"). For the reasons set forth below and in Defendants' pending Second Renewed Motion to Dismiss (ECF No. 66), Plaintiffs should be denied further leave to amend and this action should be dismissed in its entirety because Plaintiffs' claims are futile and Plaintiffs have already been given more than enough opportunities to cure the deficiencies in their complaints, which have existed from the very beginning of this case.[1]

---

[1] Plaintiffs' litigation conduct here is not an isolated event. Plaintiffs continue to file serial amendments and meritless motions that impose unnecessary burden on Defendants and the Court. Defendants therefore respectfully reserve all rights to seek appropriate relief in the future

## I.  BACKGROUND

Plaintiffs allege that they are music producers who reside in Hidalgo County, Texas. (ECF No. 57 ("Second Amended Complaint" or "Second Am. Compl.") at 1.) They purportedly wrote a musical composition titled "Greasy Frybread" in 2021, which was then performed by a music artist named Sten Joddi. (*Id.* at 4-5.)

Defendant Almanzar is a music artist professionally known as "Cardi B." (*Id.* at 5.) Plaintiffs contend that Almanzar's song "Enough (Miami)" infringes their rights in "Greasy Frybread." (*Id.*) Plaintiffs allege that the Corporate Defendants are liable for participating in the production and distribution of Almanzar's allegedly infringing song. (*Id.* at 7.)

Since filing this action on July 3, 2024 (ECF No. 1 (the "Original Complaint")), Plaintiffs' claims have repeatedly shifted. The Original Complaint asserted the following claims: (1) direct copyright infringement under the U.S. Copyright Act, 17 U.S.C. § 101, *et seq*. (the "Copyright Act"); (2) vicarious copyright infringement against the Corporate Defendants; (3) contributory copyright infringement against the Corporate Defendants; (4) unfair competition under the federal Lanham Act, 15 U.S.C. § 1051, *et seq.* (the "Lanham Act"); and (5) misappropriation under Texas state law. (*Id.* at 3-5.) Plaintiffs filed a First Amended Complaint on August 2, 2024, replacing the claim for federal copyright infringement under the Copyright Act with a claim for "common law" copyright infringement and adding Texas state law claims for conversion and quantum meruit. (ECF No. 15 ("First Amended Complaint") at 3-6.)

Almanzar and the Corporate Defendants filed motions to dismiss the First Amended Complaint on September 30, 2024 (ECF No. 22) and March 13, 2025 (ECF No. 54),

---

for Plaintiffs' repeated baseless filings, including under Rule 11 of the Federal Rules of Civil Procedure and/or 28 U.S.C. § 1927 for unreasonably vexatiously multiplying these proceedings.

2

respectively. Three months after Almanzar's motion was fully briefed, on February 26, 2025, Plaintiffs moved for leave to file *another* amended complaint. (ECF No. 47.) The proposed amended complaint that was attached to Plaintiffs' motion (the "Proposed Second Amended Complaint") did not seek to amend the claims for relief that were asserted in the First Amended Complaint but rather only sought "to exclude the dismissed parties from the complaint; to only include information relevant to the remaining named parties; and to amend the formatting of the complaint to be consistent with the complaint for civil case formatting required in the United States Southern District of Texas; and request trial by jury." (*Id.* at 2.)

At the hearing on March 13, 2025, the Court granted Plaintiffs leave to file the Proposed Second Amended Complaint and denied Defendants' then-pending motions to dismiss without prejudice to refiling a renewed motion to dismiss to address the Proposed Second Amended Complaint by April 3, 2025. Defendants filed their renewed motion on that date in accordance with the Court's Order. (ECF No. 55 (the "Renewed Motion to Dismiss").)

Ten days after Defendants filed their Renewed Motion to Dismiss, Plaintiffs filed the operative Second Amended Complaint, which is materially different from the Proposed Second Amended Complaint that the Court permitted them to file. Among other changes, their new pleading revised the causes of action once again by dropping the claims for conversion, quantum meruit, and common law copyright infringement, removing the reference to the Lanham Act under the unfair competition claim—thereby suggesting that they are now relying on state law rather than federal law (which they later confirmed in their response to Defendants' previous Renewed Motion to Dismiss, ECF No. 59 at 9-10)—and adding claims for tortious interference and defamation. (Second Am. Compl. at 6-8.)

3

Plaintiffs did not seek or obtain consent from Defendants or leave from the Court to file this version of the Second Amended Complaint. Nevertheless, at the June 17, 2025 hearing on Defendants' pending motion, the Court accepted Plaintiffs' pleading and denied the fully briefed Renewed Motion to Dismiss with leave to file another renewed motion on or before July 8, 2025 to address Plaintiffs' revised allegations and claims. Defendants filed their pending Second Renewed Motion to Dismiss on that date (ECF No. 66), Plaintiffs filed their response on July 29, 2025 (ECF No. 68), and Defendants filed their reply on August 5, 2025 (ECF No. 70).

Plaintiffs' current Motion for Leave to File Third Amended Complaint seeks to change their claims *again* while a motion to dismiss is fully briefed and pending before this Court. Specifically, the proposed Third Amended Complaint removes the claims for vicarious infringement and contributory infringement, reasserts a claim for conversion that they dropped from their Second Amended Complaint, and adds claims for "Declaratory Relief / Ownership of Musical Work" and "Interpolation and Misappropriation of Musical Work." (ECF No. 79-1, the "Proposed Third Amended Complaint," at 3-4.)

## II.     ARGUMENT

Whether or not to grant leave to amend "is left to the sound discretion of the district court and will only be reversed on appeal when that discretion has been abused." *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003) (citations omitted). The Fifth Circuit has made clear that "leave to amend properly may be denied when the party seeking leave has repeatedly failed to cure deficiencies by amendments previously allowed and when amendment would be futile." *Id.* Here, both grounds warrant denial of Plaintiffs' current motion.

A.     **Plaintiffs' Proposed Amendment Is Futile.**

   1.     **Plaintiffs Fail to Make a *Prima Facie* Showing of Personal Jurisdiction.**

As set forth in Defendants' pending Second Renewed Motion to Dismiss (and also in each of their prior motions), Plaintiffs have not made a *prima facie* case for personal jurisdiction in this action despite being afforded *four* prior opportunities. The current proposed amendment (and *fifth* attempt) still does not cure this fatal defect. Not only does the Proposed Third Amended Complaint fail to allege any *additional* facts in support of personal jurisdiction, this bare-bones pleading also inexplicably removes the already insufficient factual allegations previously made and relied upon by Plaintiffs, perhaps under the theory that less is now more. But just as the prior complaints fail to plead a *prima facie* case for personal jurisdiction, the Proposed Third Amended Complaint is necessarily deficient and futile as well for the same reasons explained in previous motions to dismiss, which are incorporated by reference here.

   2.     **Plaintiffs Have Not Stated (and Cannot State) a Claim.**

The Proposed Third Amended Complaint merely lists causes of action without any supporting allegations:

>   Count I – Misappropriation of Intellectual Property (Under Texas Law)
>   Count II – Unfair Competition / Common-Law Plagiarism
>   Count III – Conversion of Intangible Property
>   Count IV – Tortious Interference with Prospective Contracts
>   Count V – Defamation and Injury to Reputation
>   Count VI – Declaratory Relief / Ownership of Musical Work
>   Count VII – Interpolation and Misappropriation of Musical Work

(ECF No. 79-1 at 3-4.) Because Plaintiffs' amended pleading does not even plead the elements of each claim, let alone any plausible facts to support them, their claims fail for this reason alone. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that a plaintiff must allege sufficient facts "to raise a right to relief above the speculative level," which requires "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action").

5

Putting that aside, Defendants' pending Second Renewed Motion to Dismiss already explains why Plaintiffs' "misappropriation of intellectual property," unfair competition, tortious interference, and defamation claims are preempted by the Copyright Act and are otherwise deficient, and those arguments are also incorporated by reference here. (ECF No. 66 at 11-14; ECF No. 70 at 6-9.) It is impossible to distinguish between the prior misappropriation claim and the newly asserted "interpolation and misappropriation of musical work" claim (Count VII) because Plaintiffs fail to plead this claim with any specificity. Nevertheless, to the extent this is an independent claim, it also is preempted and cannot support amendment because it is likewise based entirely on Plaintiffs' allegation that Defendants copied elements of "Greasy Frybread."

Plaintiffs' reasserted conversion claim is preempted for identical reasons. *See Daboub v. Gibbons*, 42 F.3d 285, 289 (5th Cir. 1995) (Texas state law claims for conversion and misappropriation, among others, were preempted by the Copyright Act because the core of each claim was the alleged wrongful copying, distribution, and performance of the plaintiff's song). In addition, as Defendants pointed out in their prior motion to dismiss the First Amended Complaint, the conversion claim also fails because a person cannot "convert" intangible property under Texas law. *Express One Intern., Inc. v. Steinbeck*, 53 S.W.3d 895, 901 (Tex. App.—Dallas 2001, no pet.).

Plaintiffs' latest brief (ECF No. 80) nonetheless ignores this black-letter law and maintains that their state law claims are not preempted.[2] Preemption under Section 301 of the Copyright Act, 17 U.S.C. § 301, has two requirements:

---

[2] Plaintiffs allege that they "have filed copyright applications for 'Greasy Frybread' and its derivatives" (ECF No. 79-1 at 3), which is irrelevant given that Plaintiffs are not asserting a federal copyright claim. And even if they were, a pending application is not sufficient to state a claim. *Fourth Estate Public Corp v. Wall-Street. com, LLC*, 139 S. Ct. 881, 892 (2019) ("[W]e conclude that 'registration . . . has been made' within the meaning of 17 U.S.C. § 411(a) not

> First, the work in which the right is asserted must come within the *subject matter* of copyright as defined in sections 102 and 103. Second, the right that the author seeks to protect must be *equivalent* to any of the exclusive rights within the general scope of copyright as specified by section 106.

*Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772, 785-86 (5th Cir. 1999). As for the second requirement, courts apply an "extra element" test to evaluate the equivalency of rights. *Id.* at 787. In simplified terms, if the alleged acts "would violate both [state] law and copyright law, then the state right is deemed 'equivalent to copyright.'" *Id.*

Plaintiffs purport to address the "subject matter" requirement by arguing that "an author's unpublished work enjoys common-law copyright protection under state law" that "endures until the work is intentionally published or disseminated without restriction." (ECF No. 80 at 3.) This is wrong because the "dual system of protection" that existed under the old copyright system was eliminated by the current Copyright Act when it was enacted nearly fifty years ago. *Batjac Prods. Inc. v. GoodTimes Home Video Corp.*, 160 F.3d 1223, 1227 (9th Cir. 1998) ("The 1976 Act eliminated common law protection. Under the 1976 Act, unpublished works lost their common law protection but gained statutory protection."); *accord* H.R. Rep. No. 94-1476, at 129 (1976), *reprinted in* 1976 U.S.C.C.A.N. 5659, 5680 ("Section 301, one of the bedrock provisions of the bill, would accomplish a fundamental and significant change in the present law. Instead of a dual system of 'common law copyright' for unpublished works and statutory copyright for published works . . . , the bill adopts a single system of Federal statutory copyright from creation.").[3] Thus, any attempt by Plaintiffs to rely on "common-law copyright" to avoid preemption is utterly meritless.

---

when an application for registration is filed, but when the Register has registered a copyright after examining a properly filed application.").

[3] Section 301 provides an exception for sound recordings fixed prior to February 15, 1972. *See* 17 U.S.C. § 301(c). Despite Plaintiffs stating during the October 15, 2025 hearing that they were

Plaintiffs also argue that their state law claims survive preemption because their claims require "extra elements beyond mere copying." (ECF No. 80 at 2.) Whether or not there is any set of facts that could avoid preemption of the state law claims asserted in the Proposed Third Amended Complaint, those facts plainly do not exist here where the core of all Plaintiffs' claims is the "unauthorized use of Plaintiffs' musical work." (ECF No. 79-1 at 1.) At bottom, Plaintiffs have alleged nothing more than the "reproduc[tion]" and "distribut[ion]" of their work (*id.* at 3), which are rights protected exclusively by copyright law. *See Alcatel USA, Inc.*, 166 F.3d at 785.

Plaintiffs cite *U.S. Sporting Products, Inc. v. Johnny Stewart Game Calls, Inc.*, 865 S.W.2d 214, 218 (Tex. App.—Waco 1993, writ denied), insisting this court "expressly held that this claim remains viable for unregistered recordings and sounds because it 'protects the fruits of creative labor' and is not preempted where it rests on unfair-competition principles." (ECF No. 80 at 2.) They argue the requirement to prove they created their song "through extensive time, labor, skill and money," *U.S. Sporting Products, Inc.*, 865 S.W.2d at 218 (setting forth the elements of a misappropriation claim under Texas state law), provides the necessary extra element. (ECF No. 80 at 2.) However, the Waco Court of Appeals did not address copyright preemption.[4] And whatever the precedential value of this case is for uncopyrightable works, it has no bearing on Plaintiffs' claims for infringement of a work that unquestionably falls within the subject matter of copyright. Indeed, the Fifth Circuit has explicitly rejected the exact same

---

asserting rights in a sound recording, their latest filings (like all of their complaints to date) only assert rights in a musical composition. (*See* ECF No. 79-1 ("This action arises from Defendants' unlawful appropriation and interpolation of Plaintiffs' original musical composition 'Greasy Frybread' . . . .").) In any event, this exception for pre-1972 sound recordings obviously could not apply here given that "Greasy Frybread" was written in 2021. (Second Am. Compl. at 4-5.)

[4] The Texas court relied on *International News Service v. Associated Press*, 248 U.S. 215 (1918), which involves a misappropriation claim for "hot news" (i.e., time-sensitive factual information). These types of claims have been deemed by courts to be very narrow and largely preempted. *See, e.g.*, *Barclays Capital Inc. v. Theflyonthewall. com, Inc.*, 650 F. 3d 876, 890-906 (2d Cir. 2011).

argument made by Plaintiffs here.[5] *Alcatel USA, Inc.*, 166 F.3d at 789 (noting that "the time, labor, skill, and money expended by the author in creating the work are necessarily contemplated in that copyright" and therefore this element does not render the claim qualitatively different).

Plaintiffs' reliance on musicology reports (attached as Exhibit C to the Proposed Third Amended Complaint, ECF No. 79-4) does not change this analysis. As an initial matter, purported expert opinions cannot substitute for well-pleaded factual allegations in a complaint. *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 285-86 (5th Cir. 2006) (expert opinions in an exhibit attached to a pleading cannot be considered at the pleading stage and cannot substitute for facts); *accord Barge v. Wells Fargo Bank, N.A.*, No. 1:23-cv-00189-MJT, 2025 WL 1242327, at *2-3 (E.D. Tex. Feb. 25, 2025) (same). Regardless, however, the reports on which Plaintiffs rely merely reiterate their core contention that Defendants allegedly copied elements of "Greasy Frybread," which is precisely the type of claim that must be brought, if at all, under the Copyright Act and not under state law labels such as "misappropriation," "plagiarism," or "interpolation."

Finally, with respect to Plaintiffs' new claim for "Declaratory Relief / Ownership of Musical Work," Plaintiffs have not even attempted to demonstrate that they are entitled to declaratory relief. Most notably, to the extent this claim seeks a declaration that Plaintiffs own the musical composition "Greasy Frybread," it plainly fails the "actual controversy" requirement in 28 U.S.C. § 2201 because Defendants are not claiming any ownership rights in Plaintiffs' work. *See Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986)

---

[5] Plaintiffs cite this case to argue that "preemption [is] avoided where [a] claim contains extra elements of unfair competition" (ECF No. 80 at 4), but that is not at all what the Fifth Circuit held. Rather, it concluded that the misappropriation claim asserted there under the Texas common law of unfair competition law was preempted. *Alcatel USA, Inc.*, 166 F.3d at 785-89.

("A federal court may not issue a declaratory judgment unless there exists an 'actual controversy,' i.e., there must be a substantial controversy of sufficient immediacy and reality between parties having adverse legal interests.").

Accordingly, each of the claims in the Proposed Third Amended Complaint is futile, and this Court should deny Plaintiffs further leave to amend.

**B.      Plaintiffs Have Repeatedly Failed to Cure the Deficiencies in Their Complaints.**

Defendant Almanzar filed her first motion to dismiss in this case on September 30, 2024—more than a year ago—on grounds that Plaintiffs' then-operative First Amended Complaint had failed to establish a *prima facie* case for personal jurisdiction and that their state law claims were preempted.[6] Since then, Plaintiffs have been granted leave to file two more versions of their complaint. Plaintiffs have tried many variations on the same theme, all of them deficient. After each iteration, Defendants have been forced to spend considerable time and money to explain why the same deficiencies remain. Now Defendants are faced with yet another attempt by Plaintiffs to amend their complaint. After four attempts, Plaintiffs have not shown even the barest flicker of a jurisdictional nexus or a legally cognizable claim. It is time to make an end of this. *See Willard*, 336 F.3d at 387 (affirming district court's exercise of discretion to deny leave to amend where the plaintiff already had two opportunities to amend the complaint); *see also Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 443 (5th Cir. 2015) ("In the analogous Rule 12(b)(6) context, our court has ordered the district court to dismiss insufficient pleadings where the plaintiff has had an opportunity to plead his best case." (citing *Geter v. Fortenberry*, 849 F.2d 1550, 1559 (5th Cir.1988))).

---

[6] At the time of that initial motion, the Corporate Defendants had not been properly served. In the interest of efficiency, the Corporate Defendants later waived service and then filed their own motion to dismiss on the same grounds. (ECF No. 54.)

Plaintiffs have already been given more than enough opportunities to cure the deficiencies in their complaints and further leave to amend should be denied.

## III.   CONCLUSION

For all the foregoing reasons, Defendants respectfully request that this Court deny Plaintiffs' Motion for Leave to File Third Amended Complaint, dismiss this action in its entirety, and award such other and further relief to Defendants as this Court deems just and proper.

Dated:  November 21, 2025

/s/ W. Andrew Pequignot
Brett D. Solberg Texas Bar No. 24070651
S.D. Tex. Bar No. 1188910
DLA PIPER LLP (US)
845 Texas Avenue, Suite 3800
Houston, Texas 77002-5005
(713) 425-8482 (telephone)
brett.solberg@us.dlapiper.com

Taylor O. Reed Texas Bar No. 24101958
S.D. Tex. Bar No. 3895240
1900 N. Pearl St., Suite 2200
Dallas, Texas 75201
(214) 743-4500 (telephone)
taylor.reed@us.dlapiper.com

Lisa F. Moore (admitted PHV)
W. Andrew Pequignot (admitted PHV)
MOORE PEQUIGNOT LLC
887 West Marietta Street, Suite M-102
Atlanta, Georgia 30318
(404) 748-9596 (telephone)
lisa@themoorefirm.com
andrew@themoorefirm.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed on this date the foregoing DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT (ECF NO. 79) AND TO PLAINTIFFS' BRIEF IN SUPPORT OF SUPPLEMENTAL AMENDED COMPLAINT FOR MISAPPROPRIATION OF MUSICAL COMPOSITION (ECF NO. 80) with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all of the attorneys of record.

DATED:  November 21, 2025

/s/ W. Andrew Pequignot
W. Andrew Pequignot