IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JOSHUA FRAUSTRO and MIGUEL AGUILAR p/k/a KEMIKAL956, *Plaintiffs,* v. BELCALIS M. ALMANZAR p/k/a CARDI B, ATLANTIC RECORDING CORPORATION, and WARNER MUSIC GROUP CORP., *Defendants.* | Civil Action File No. 7:24-cv-264 |

### PLAINTIFFS' SECOND MOTION FOR EXPEDITED PRELIMINARY INJUNCTION

TO THE HONORABLE COURT:

This motion seeks only to preserve the status quo ante by preventing continued unauthorized exploitation of Plaintiffs' copyrighted work pending final adjudication.

Plaintiffs Joshua Fraustro and Miguel Aguilar respectfully move, pursuant to Rule 65 of the Federal Rules of Civil Procedure, for entry of a Preliminary Injunction enjoining Defendants from further distribution, performance, or exploitation of the infringing musical composition titled *"Enough (Miami)"*.

This renewed motion is based on materially changed circumstances, including Defendants' post-hearing commercial release of the infringing work despite actual notice of Plaintiffs' rights.

### I.  JURISDICTION AND VENUE

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Copyright Act of 1976, 17 U.S.C. § 101 et seq.

Venue is proper in this District pursuant to 28 U.S.C. § 1400(a) and § 1391(b) because

Defendants committed acts of infringement in this District and the infringing works were distributed and accessed here.

This Court also has supplemental jurisdiction over all related claims pursuant to 28 U.S.C. § 1367

## II. PROCEDURAL POSTURE AND MATERIAL CHANGE IN CIRCUMSTANCES

At the October 15, 2025, status conference, the Court declined to issue injunctive relief based on representations that the infringing work had not yet been commercially released on Defendants album "*Am I the Drama*?" when first released in September 2025 and therefore the injunction was deemed moot.

That circumstance has now changed.

On or about November 12, 2025, Defendants released: "*Am I the Drama?(Ultimate Edition)*", which includes the infringing track *"Enough (Miami)"*, now widely available on Spotify, Apple Music, and other digital platforms.[1]

This constitutes:

1. A new and independent act of infringement;
2. Such post-notice exploitation independently supports injunctive relief under well-settled Fifth Circuit precedent;
3. A material change in factual circumstances; and
4. A basis for renewed equitable relief under Rule 65.

Defendants' post-hearing release of the infringing work transformed a previously speculative injury into an ongoing and concrete infringement requiring immediate judicial intervention.

Defendants' planned live performances of the infringing work in Texas—including scheduled

---

[1] AM I THE DRAMA? (Ultimate Edition) Digital Download – Cardi B

2

concerts in Houston, Austin, and Dallas[2]—further exacerbate the ongoing and irreparable harm.

Each performance constitutes a new act of infringement and exposes Plaintiffs' protected work to mass audiences, irreversibly expanding the scope of injury.

These imminent performances heighten the need for immediate injunctive relief.

## II.  FACTUAL BACKGROUND

### A. Plaintiffs' Ownership and Creation

Plaintiffs are the sole authors and copyright owners of the musical composition *"Greasy Frybread,"* registered with the United States Copyright Office (Reg. No. PAu 4-279-149).

The work was written, recorded, and publicly disseminated prior to the creation or release of Defendants' song *"Enough (Miami)."*

Plaintiffs' ownership is further supported by sworn declarations and extensive documentary evidence.

### B. Defendants' Unauthorized Copying

Defendants' song incorporates multiple protectable elements of *"Greasy Frybread,"* including identical melodic phrasing, harmonic progression, rhythmic structure, tempo, and compositional architecture.

An independent forensic musicologist, Dr. Robert Tomaro, identified twenty-one (21) distinct musical similarities, concluding that the overlap is so extensive that independent creation is implausible.

## III.  LIKELIHOOD OF SUCCESS ON THE MERITS

To prevail, Plaintiffs must demonstrate ownership and copying. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991).

---

[2] Cardi B Tickets & 2025 Little Miss Drama Tour Dates | Vivid Seats

### A. Copyright Ownership Is Established

Copyright protection arises upon fixation, not registration. 17 U.S.C. § 102(a); *Lakedreams v. Taylor*, 932 F.2d 1103, 1108 (5th Cir. 1991).

Registration is a procedural prerequisite to suit—not a prerequisite to ownership. *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296 (2019).

Accordingly, the fact that Defendants registered their work earlier does not defeat Plaintiffs' claim.

### B. Substantial Similarity and Copying

Courts in this Circuit recognize actionable infringement where protected musical expression—melody, rhythm, structure, and arrangement—is copied. *Positive Black Talk Inc. v. Cash Money Records*, 394 F.3d 357, 371 (5th Cir. 2004).

Here, expert analysis confirms extensive overlap in melody, tempo, structure, and compositional design—far beyond what could arise from coincidence or genre convention.

## IV. IRREPARABLE HARM

Irreparable harm exists where infringement results in loss of control, market confusion, or damage to professional reputation. "The loss of control over copyrighted material constitutes irreparable harm." *Paulsson Geophysical Servs., Inc. v. Sigmar*, 529 F.3d 303, 312 (5th Cir. 2008).

Defendants' continued exploitation of the infringing work causes:

1. Loss of market exclusivity
2. Irreversible reputational harm
3. Dilution of Plaintiffs' creative identity

Such harm cannot be remedied through monetary damages alone.

The Supreme Court has recognized that where a plaintiff demonstrates ongoing infringement

and loss of control over intellectual property, irreparable harm is not speculative but actual. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391–92 (2006).

The Fifth Circuit has similarly held that loss of creative control, market confusion, and reputational injury constitute irreparable harm not readily compensable by monetary damages. *Paulsson Geophysical Servs., Inc. v. Sigmar*, 529 F.3d 303, 312 (5th Cir. 2008).

Courts in this Circuit recognize that loss of creative control and market confusion constitute irreparable harm not readily compensable by damages.  See *Atari, Inc. v. North American Philips Consumer Elecs. Cor*p., 672 F.2d 607, 620 (5th Cir. 1982).

## V.  BALANCE OF EQUITIES

The balance of hardships overwhelmingly favors Plaintiffs.

Defendants face only the temporary cessation of an allegedly infringing activity—an outcome fully contemplated by the Copyright Act.  Plaintiffs face permanent damage to their careers and creative legacy.

Courts routinely hold that where infringement is likely, equitable relief is appropriate.  *Rogers v. Brockette*, 588 F.2d 1057, 1061 (5th Cir. 1979).

Nothing in the record suggests that Plaintiffs have engaged in inequitable conduct, delay, or bad faith that would bar equitable relief.

## VI.  PUBLIC INTEREST

The public interest is served by enforcing copyright law and deterring misappropriation of creative works. *Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772, 797 (5th Cir. 1999).

## VII.  PRAYER FOR RELIEF

Plaintiffs respectfully request that the Court waive or set a nominal bond pursuant to Rule 65(c), as Defendants will suffer no cognizable harm from being restrained from infringing conduct, and Plaintiffs face substantial and irreparable harm absent injunctive relief.

WHEREFORE, Plaintiffs respectfully request that this Court:

1. Enjoin Defendants from distributing, streaming, performing, or monetizing *"Enough (Miami)"* or any derivative work;

2. Order removal of the infringing work from all platforms;

3. Enjoin further infringement of Plaintiffs' copyrighted works;

4. Award Plaintiffs costs and attorneys' fees; and

5. Grant such other and further relief as justice requires.

                                         Respectfully Submitted,

                                         ROBERT R. FLORES LAW FIRM, PLLC
                                         612 W. Nolana Ave., Suite 310
                                         McAllen, Texas 78504
                                         Telephone: (956) 329-1099
                                         Facsimile: (956) 790-0297

                                         */s/ Robert R. Flores*
                                         Robert R. Flores
                                         SBN: 24071887
                                         USSDTX: 2331246
                                         Email: robert@rrfloreslaw.com

## CERTIFICATE OF SERVICE

    I do hereby certify that a true and correct copy of the above and foregoing pleading has been served on all counsel of record on this the 28th day of December 2025 via ECF electronic notice in compliance with Rule 5 of the Federal Rules of Civil Procedure and paragraph 9 of the Southern District of Texas's Administrative Procedures for Electronic Filing in Civil and Criminal Cases by notice of Electronic Filing in accordance with the Federal Rules of Civil Procedure.

                                                                                 Robert R. Flores