IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JOSHUA FRAUSTRO and MIGUEL AGUILAR a/k/a KEMIKAL1956, <br><br> Plaintiffs, <br><br> v. <br><br> BELCALIS ALMANZAR a/k/a CARDI B, ATLANTIC RECORDING CORPORATION, and WARNER MUSIC GROUP CORP., <br><br> Defendants. | Civil Action File No. <br><br> 7:24-CV-00264 |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
SECOND MOTION FOR EXPEDITED PRELIMINARY INJUNCTION**

Defendant Belcalis Almanzar ("Almanzar"), along with Defendants Atlantic Recording Corporation ("Atlantic") and Warner Music Group Corp. ("Warner," together with Atlantic, the "Corporate Defendants," and collectively with Almanzar, "Defendants"), respectfully submit this Response to the Second Motion for Expedited Preliminary Injunction (ECF No. 86, the "Second Injunction Motion" or "Second Inj. Mot.") filed by Plaintiffs Joshua Fraustro and Miguel Aguilar (together, "Plaintiffs"). For the reasons set forth below, Plaintiffs' Second Injunction Motion should be denied in its entirety.

**I.      STATEMENT OF THE ISSUE**

Nearly two years after Almanzar's allegedly infringing song "Enough (Miami)" was released, Plaintiffs' Second Injunction Motion seeks to enjoin Defendants from "[d]istributing, reproducing, selling, streaming, performing, or otherwise exploiting the musical composition entitled 'Enough (Miami),' or any derivative work thereof, in any medium or format" and from "authorizing or permitting any third party to distribute, perform, or exploit" the work (ECF 86-1

at 2, the "Proposed Injunction Order"). The well-established elements that Plaintiffs must prove to obtain this "extraordinary remedy" are as follows:

> (1) a substantial likelihood that [they] will prevail on the merits, (2) a substantial threat that [they] will suffer irreparable injury if the injunction is not granted, (3) that [their] threatened injury outweighs the threatened harm to the party whom [they] seeks to enjoin, and (4) that granting the preliminary injunction will not disserve the public interest.

*PCI Transp., Inc. v. Fort Worth & Western R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005).

The Second Injunction Motion relies on a copyright claim that Plaintiffs never adequately pled and expressly disavowed, and thus, Plaintiffs cannot establish the required likelihood of success on the merits. Their motion also pays mere lip service to the "heavy burden" they must carry to invoke this "extraordinary remedy" by relying on mere labels and conclusions in their vain attempt to support irreparable harm. And their *more than 21-month* delay in seeking this injunction fully undercuts their allegation of irreparable harm and need for "expedited" relief. For these reasons and others detailed below, the Second Injunction Motion should be denied.[1]

## II.    BACKGROUND

Plaintiffs allege that they are music producers who reside in Hidalgo County, Texas. (ECF No. 57 ("Second Amended Complaint" or "Second Am. Compl.") at 1.) They purportedly wrote a musical composition titled "Greasy Frybread" in 2021, which was then performed by a music artist named Sten Joddi. (*Id.* at 4-5.)

Defendant Almanzar is a music artist professionally known as "Cardi B." (*Id.* at 5.) Plaintiffs contend that Almanzar's song "Enough (Miami)" infringes their rights in "Greasy Frybread." (*Id.*) "Enough (Miami)" was released on or around March 15, 2024. (*Id.*) Plaintiffs

---

[1] Defendants respectfully reserve all rights to seek appropriate relief for Plaintiffs' repeated baseless filings, including under Rule 11 of the Federal Rules of Civil Procedure and/or 28 U.S.C. § 1927 for unreasonably and vexatiously multiplying these proceedings.

allege that the Corporate Defendants are liable for participating in the production and distribution of Almanzar's allegedly infringing song. (*Id.* at 7.)

Since filing this action on July 3, 2024 (ECF No. 1 (the "Original Complaint")), Plaintiffs' claims have repeatedly shifted. The Original Complaint asserted the following claims: (1) direct copyright infringement under the U.S. Copyright Act, 17 U.S.C. § 101, *et seq.* (the "Copyright Act"); (2) vicarious copyright infringement against the Corporate Defendants; (3) contributory copyright infringement against the Corporate Defendants; (4) unfair competition under the federal Lanham Act, 15 U.S.C. § 1051, *et seq.* (the "Lanham Act"); and (5) misappropriation under Texas state law. (*Id.* at 3-5.) Plaintiffs filed a First Amended Complaint on August 2, 2024, replacing the claim for federal copyright infringement under the Copyright Act with a claim for "common law" copyright infringement and adding Texas state law claims for conversion and quantum meruit. (ECF No. 15 ("First Amended Complaint") at 3-6.)

Almanzar and the Corporate Defendants filed motions to dismiss the First Amended Complaint on September 30, 2024 (ECF No. 22) and March 13, 2025 (ECF No. 54), respectively. Three months after Almanzar's motion was fully briefed, on February 26, 2025, Plaintiffs moved for leave to file *another* amended complaint. (ECF No. 47.) The proposed amended complaint that was attached to Plaintiffs' motion (the "Proposed Second Amended Complaint") did not seek to amend the claims for relief that were asserted in the First Amended Complaint but rather only sought "to exclude the dismissed parties from the complaint; to only include information relevant to the remaining named parties; and to amend the formatting of the complaint to be consistent with the complaint for civil case formatting required in the United States Southern District of Texas; and request trial by jury." (*Id.* at 2.)

3

At the hearing on March 13, 2025, the Court granted Plaintiffs leave to file the Proposed Second Amended Complaint and denied Defendants' then-pending motions to dismiss without prejudice to refiling a renewed motion to dismiss to address the Proposed Second Amended Complaint by April 3, 2025. Defendants filed their renewed motion on that date in accordance with the Court's Order. (ECF No. 55 (the "Renewed Motion to Dismiss").)

Ten days after Defendants filed their Renewed Motion to Dismiss, Plaintiffs filed the operative Second Amended Complaint, which is materially different from the Proposed Second Amended Complaint that the Court permitted them to file. Among other changes, their new pleading revised the causes of action once again by dropping the claims for conversion, quantum meruit, and common law copyright infringement, removing the reference to the Lanham Act under the unfair competition claim—thereby suggesting that they were now relying on state law rather than federal law (which they later confirmed in their response to Defendants' previous Renewed Motion to Dismiss, ECF No. 59 at 9-10)—and adding claims for tortious interference and defamation. (Second Am. Compl. at 6-8.)

Plaintiffs did not seek or obtain consent from Defendants or leave from the Court to file this version of the Second Amended Complaint. Nevertheless, at the June 17, 2025 hearing on Defendants' pending motion, the Court accepted Plaintiffs' pleading and denied the fully briefed Renewed Motion to Dismiss with leave to file another renewed motion on or before July 8, 2025 to address Plaintiffs' revised allegations and claims. Defendants filed their pending Second Renewed Motion to Dismiss on that date (ECF No. 66), Plaintiffs filed their response on July 29, 2025 (ECF No. 68), and Defendants filed their reply on August 5, 2025 (ECF No. 70).

On August 12, 2025, more than a year after commencing this lawsuit and 17 months after the single "Enough (Miami)" was released, Plaintiffs filed an Expedited Motion for Preliminary

Injunction (ECF No. 71, the "First Injunction Motion" or "First Inj. Mot.") seeking to enjoin the release of "Enough (Miami)" on Almanzar's then-forthcoming album. At the status conference on October 15, 2025, the First Injunction Motion was denied as moot because at that time the album had already been released without "Enough (Miami)."

On October 31, 2025, Plaintiffs filed a Motion for Leave to File Third Amended Complaint, which seeks to change their claims *again* while a motion to dismiss is fully briefed and pending before the Court. Specifically, the proposed Third Amended Complaint removes the claims for vicarious infringement and contributory infringement, reasserts a claim for conversion that they dropped from their Second Amended Complaint, and adds claims for "Declaratory Relief / Ownership of Musical Work" and "Interpolation and Misappropriation of Musical Work." (ECF No. 79-1, the "Proposed Third Amended Complaint," at 3-4.) Defendants filed their response on November 21, 2025 (ECF No. 85), and Plaintiffs did not file a reply. Thus, this motion also is fully briefed and pending before the Court.

On December 28, 2025, Plaintiffs filed their Second Injunction Motion and a Motion to Compel Discovery and for Expedited Discovery (ECF No. 89). On January 15, 2026, this Court granted Defendants' motion for an extension of time to respond to these pleadings and extended the deadline to February 3, 2026. (ECF No. 93.)

### III.   ARGUMENT

**A.   Granting Defendants' Pending Second Renewed Motion to Dismiss Requires the Denial of Plaintiffs' Second Injunction Motion.**

Defendants' fully briefed Second Renewed Motion to Dismiss is currently pending before the Court on the grounds that Plaintiffs failed to satisfy their *prima facie* burden to plead personal jurisdiction over Defendants under Rule 12(b)(2) and separately failed to plead a valid claim under Rule 12(b)(6). Starting with the first basis for dismissal, the Court cannot grant

Plaintiffs' requested injunctive relief (or any other relief) without first determining that personal jurisdiction exists. *Enter. Intern., Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 471 (5th Cir. 1985) (reversing issuance of preliminary injunction where the district court did not first determine that it had personal jurisdiction). As set forth in Defendants' Second Renewed Motion to Dismiss (at 4-9), Plaintiffs did not sustain their burden to establish personal jurisdiction in the Second Amended Complaint (or any of the *three* prior complaints), and the Second Injunction Motion should be denied for this reason alone.

Turning to the second basis for dismissal, even if the Court were to determine that personal jurisdiction has been adequately pled, Plaintiffs failed to state a valid claim as detailed in the Second Renewed Motion to Dismiss (at 9-14). And because the "likelihood of success on the merits" requirement for a preliminary injunction is a more stringent burden than pleading a claim under Rule 12(b)(6), Plaintiffs' failure to state a claim necessarily means that their Second Injunction Motion must also be denied. *See DTND Sierra Invs. LLC v. Bank of N.Y. Mellon Trust Co.*, 958 F. Supp. 2d 738, 752-53 (W.D. Tex. 2013) ("Because Plaintiff has not pleaded a single viable cause of action, he cannot make this showing [of a likelihood of success on his claims] and accordingly his request for injunctive relief is dismissed.") (citing *Pajooh v. Harmon*, 82 Fed. App'x 898, 899 (5th Cir. 2003)).

Because Plaintiffs' operative Second Amended Complaint is subject to dismissal, the Court must also deny the Second Injunction Motion.

**B.     Plaintiffs' Request for Preliminary Injunctive Relief Remains Entirely Unfounded.**

Even putting aside Defendants' pending motion, the Second Injunction Motion should be denied as it is completely baseless. The elements required for Plaintiffs to establish entitlement to preliminary injunctive relief are well-established. Plaintiffs must prove:

> (1) a substantial likelihood that [they] will prevail on the merits, (2) a substantial threat that [they] will suffer irreparable injury if the injunction is not granted, (3) that [their] threatened injury outweighs the threatened harm to the party whom [they] seeks to enjoin, and (4) that granting the preliminary injunction will not disserve the public interest.

*PCI Transp., Inc.*, 418 F.3d at 545.

This Circuit has "cautioned repeatedly that a preliminary injunction is an *extraordinary remedy* which should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Id.* at 545 (citation and quotation marks omitted; emphasis added). If Plaintiffs are unable to carry this "heavy burden" on even a single element, "a preliminary injunction may not issue and, if issued, will be vacated on appeal." *Enter. Intern., Inc.*, 762 F.2d at 472; *see also Morales-Keesee Design Assocs., Inc. v. Sorrento Fine Home Builders, LLC*, No. 7:09-cv-115, 2009 WL 10694838, at *1 (S.D. Tex. June 15, 2009) (Crane, J.) (denying preliminary injunction in copyright case where plaintiff established a substantial likelihood of success but failed to show irreparable harm, emphasizing that all four factors must be satisfied). Plaintiffs have not come remotely close to meeting *any* of the requirements for this "extraordinary remedy." *See PCI Transp., Inc.*, 418 F.3d at 545.

### 1.    Plaintiffs Have Not Proven (and Cannot Prove) a Likelihood of Success.

In support of the "likelihood of success on the merits" prong of the injunction standard, Plaintiffs allege copyright infringement of their musical composition titled "Greasy Frybread."[2] (Second Inj. Mot. at 3-4.) Importantly, however, Plaintiffs cannot base their request for injunctive relief on a claim they have not pled.

---

[2] Plaintiffs' First Injunction Motion (ECF No. 71) also alleged infringement of a sound recording. Under the Copyright Act, musical compositions and sound recordings are protected separately. 17 U.S.C. § 102(2) ("musical works") & (7) ("sound recordings"). Plaintiffs' current motion makes clear that they are only seeking to enforce rights in a musical composition.

As a threshold matter, Plaintiffs insisted in response to Defendants' Second Renewed Motion to Dismiss that none of their existing claims implicate the Copyright Act, and they accused Defendants of attempting to "mislead the court" by stating otherwise. (ECF No. 69 at 5 ("Defendants continue to attempt to mislead the court that Plaintiffs bring claims under the U.S. Copyright Act.").) This Court is entitled to hold Plaintiffs to their attorney's prior representations and reject this latest attempt to change their position once again. *See Ergo Sci., Inc. v. Martin*, 73 F.3d 595, 600 (5th Cir. 1996) (affirming district court's reliance on counsel's prior statements).

In any event, as extensively detailed by Defendants in their prior briefs, neither the operative Second Amended Complaint nor the Proposed Third Amended Complaint states a valid copyright infringement claim. (ECF No. 66 at 9-11; ECF No. 70 at 6-9; ECF No. 85 at 5-10.) Plaintiffs also have not made any effort whatsoever to prove the elements of vicarious and contributory copyright infringement.[3] Indeed, the Second Injunction Motion does not make any attempt to rely on these claims, or any of Plaintiffs' state-law claims.[4] Because Plaintiffs have not demonstrated a likelihood of success on any theory they have pled, the extraordinary remedy of preliminary injunctive relief must be denied.

---

[3] A plaintiff alleging vicarious infringement must show that a defendant (a) "profits directly from the infringement" and (b) "has a right and ability to supervise the direct infringer." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 n.9 (2005). To establish contributory infringement, a plaintiff must prove that a defendant "induces, causes or materially contributes to infringing conduct of another" and "with knowledge of the infringing activity." *Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772, 792 (5th Cir. 1999). Under both forms of liability, a plaintiff must also prove direct infringement. *See A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 n.2 (9th Cir. 2001) ("Secondary liability for copyright infringement does not exist in the absence of direct infringement by a third party.").

[4] Even if Plaintiffs had relied on these claims, their First and Second Injunction Motions make it even more clear that they are alleging nothing more than the infringement of their song and therefore these claims are likewise meritless as they are plainly preempted by the Copyright Act. (*See, e.g.*, ECF No. 66 at 11-12; ECF No. 70 at 6-9.)

### 2. Plaintiffs Have Not Proven (and Cannot Prove) Irreparable Harm.

Even assuming *arguendo* that Plaintiffs had pled a valid copyright infringement claim and proven they were likely to succeed on that claim—which they have not—their request for injunctive relief must still be rejected because they have not demonstrated the requisite irreparable harm. *See Morales-Keesee Design Assocs., Inc.*, No. 7:09-cv-115, 2009 WL 10694838, at *1.

As an initial matter, Plaintiffs blatantly mischaracterize each of the legal decisions they cite in their Second Injunction Motion in support of irreparable harm. (Second Inj. Mot. at 4-5.)

- Plaintiffs cite *Paulsson Geophysical Servs., Inc. v. Sigmar*, 529 F.3d 303 (5th Cir. 2008), to argue: "The loss of control over copyrighted material constitutes irreparable harm." That quote does not exist in that case. There, the Fifth Circuit was addressing trademark infringement, not copyright infringement, and the loss of control concerned the quality of the defendant's goods and services bearing the infringing mark, *id.* at 312-13, which has no relevance to the facts alleged here.

- Plaintiffs cite *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006), to argue: "The Supreme Court has recognized that where a plaintiff demonstrates ongoing infringement and loss of control over intellectual property, irreparable harm is not speculative but actual." *Ebay* was a patent infringement case, and the Supreme Court overturned the Federal Circuit's grant of injunctive relief based on a presumption of irreparable harm and remanded the case without making any findings on the issue. *Id.* at 391-94.

- Plaintiffs cite "*Atari, Inc. v. North American Philips Consumer Elecs. Corp.*, 672 F.2d 607 (5th Cir. 1982)," to argue: "Courts in this Circuit recognize that loss of creative control and market confusion constitute irreparable harm not readily compensable by damages." This

9

decision actually came from the Seventh Circuit, and it makes no mention of "loss of creative control" or "market confusion" in support of its finding on irreparable harm.

Courts in this Circuit have unequivocally held that irreparable harm is not presumed in copyright cases; a plaintiff must independently show that such harm is likely to occur. *Plains Cotton Coop. Ass'n of Lubbock, Texas v. Goodpasture Computer Serv., Inc.*, 807 F.2d 1256, 1261 (5th Cir. 1987); *accord Morales-Keesee Design Assocs., Inc.*, 2009 WL 10694838, at *1. And speculative and conclusory allegations like those relied upon by Plaintiffs, such as "[l]oss of market exclusivity," "[i]rreversible reputational harm," and "[d]ilution of Plaintiffs' creative identity" (Second Inj. Mot. at 4), are wholly insufficient to meet Plaintiffs' affirmative obligation to prove irreparable harm.[5] *Holland Am. Ins. Co. v. Succession of Roy*, 777 F. 2d 992, 997 (5th Cir. 1985) (noting that the movant must make a "clear showing" of irreparable harm and "[s]peculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant.").

Moreover, Plaintiffs waited *more than 21 months* after Almanzar's song "Enough (Miami)" was initially released on March 15, 2025 before filing their Second Injunction Motion, which further belies their contention of any irreparable harm. "Irreparable injury connotes ongoing serious harm that calls for prompt action by the moving party before it can ask the court for an immediate injunction pending trial." *Amid, Inc. v. Med. Alert Found. United States, Inc.*,

---

[5] In the First Injunction Motion (at 5-6), Plaintiffs cited a "likelihood of confusion" as the basis for irreparable harm. That is not a type of harm protected under the Copyright Act. Rather, consumer confusion is a trademark injury, which Plaintiffs presumably recognized because they only cited trademark infringement cases in support of that alleged harm (at 3-6). Although the instant motion does not include the same explicit references to the Lanham Act, they nevertheless still allege injuries such as "reputational harm" and "dilution" that sound in trademark. It is impossible to evaluate Plaintiffs' claims because they consist solely of conclusory allegations.

241 F. Supp. 3d 788, 821 (S.D. Tex. 2017) (quotation marks and citation omitted). And "a substantial period of delay militates against the issuance of a preliminary injunction by demonstrating that there is no apparent urgency to the request for injunctive relief." *Id.* (quotation marks and citation omitted).

Plaintiffs attempt to excuse their delay because Almanzar's song was only recently released as part of an expanded version of her album, which they allege has caused a material change warranting injunctive relief. (Second Inj. Mot. at 2.) Their argument does not, even on its face, pass muster given that they have sought not only to enjoin the recently expanded album but also all other commercial exploitation of the song. (Proposed Injunction Order at 2.) In addition, they fail to explain how any harm from this more recent release differs in kind from the harm caused by the song's initial release. Indeed, when Plaintiffs filed this action on July 3, 2024, they claimed then that irreparable harm already existed. (Original Complaint at 5.) Similarly, Plaintiffs reference scheduled live performances by Almanzar in Texas but fail to substantiate any new and concrete harm other than alleged monetary damages, which are not irreparable. *See DFW Metro Line Servs. v. Sw. Bell Tel. Co.*, 901 F.2d 1267, 1269 (5th Cir. 1990) ("There can be no irreparable injury where money damages would adequately compensate a plaintiff.").

Plaintiffs' nearly two-year delay from when Almanzar released her song thoroughly rebuts their allegation of irreparable harm. *See Boire v. Pilot Freight Carriers, Inc.*, 515 F.2d 1185, 1193 (5th Cir. 1975) (affirming the district court's denial of temporary injunctive relief when the movant, among other things, delayed three months in making his request); *see also Amid, Inc.*, 241 F. Supp. 3d at 823 (less delay weighed against finding of irreparable harm). The absence of any demonstrated irreparable harm, standing alone, precludes Plaintiffs from obtaining the requested injunctive relief.

11

### 3. Plaintiffs Also Have Not Satisfied the Other Remaining Injunction Elements.

As discussed *supra*, Plaintiffs have failed to demonstrate a substantial likelihood of success on the merits or irreparable harm, and either failure standing alone is fatal to their Second Injunction Motion. Although the Court need not reach the third and fourth factors, Plaintiffs also have not satisfied them. Plaintiffs' arguments on the "balance of hardships" and "public interest" are made up entirely of conclusory and speculative allegations. Simply put, Plaintiffs have not met their heavy burden to prove they are entitled to a preliminary injunction.

## IV. CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court deny the Second Injunction Motion and award such other and further relief to Defendants as the Court deems just and proper.

Dated: February 3, 2026

/s/ W. Andrew Pequignot
Brett D. Solberg Texas Bar No. 24070651
S.D. Tex. Bar No. 1188910
DLA PIPER LLP (US)
845 Texas Avenue, Suite 3800
Houston, Texas 77002-5005
(713) 425-8482 (telephone)
brett.solberg@us.dlapiper.com

Taylor O. Reed Texas Bar No. 24101958
S.D. Tex. Bar No. 3895240
1900 N. Pearl St., Suite 2200
Dallas, Texas 75201
(214) 743-4500 (telephone)
taylor.reed@us.dlapiper.com

Lisa F. Moore (admitted PHV)
W. Andrew Pequignot (admitted PHV)
MOORE PEQUIGNOT LLC
887 West Marietta Street, Suite M-102
Atlanta, Georgia 30318
(404) 748-9596 (telephone)
lisa@themoorefirm.com

andrew@themoorefirm.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed on this date the foregoing DEFENDANTS' RESPONSE TO PLAINTIFFS' SECOND MOTION FOR EXPEDITED PRELIMINARY INJUNCTION with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all of the attorneys of record.

DATED:  February 3, 2026

/s/ W. Andrew Pequignot
W. Andrew Pequignot