IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JOSHUA FRAUSTRO and MIGUEL AGUILAR a/k/a KEMIKA1956, <br> *Plaintiffs,* <br><br> v. <br><br> BELCALIS ALMANZAR a/k/a CARDI B, ATLANTIC RECORDS, LLC, and WARNER MUSIC GROUP CORP., <br> *Defendants.* | § § § § § § § § § § § § Civil Action File No. 7:24-CV-264 |

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PERSONAL JURISDICTION**

TO THE HONORABLE FERNANDO RODRIGUEZ, JR., UNITED STATES DISTRICT JUDGE:

Plaintiffs respectfully submit this Supplemental Memorandum to clarify the jurisdictional record and address Defendants' Rule 12(b)(2) arguments under controlling Fifth Circuit authority.

This case does not involve passive internet accessibility. It involves the deliberate, revenue-generating exploitation of an allegedly infringing musical work within Texas at the time of filing and continuing thereafter. Under binding Fifth Circuit precedent, that conduct satisfies specific jurisdiction.

**I. GOVERNING STANDARD**

Where a Rule 12(b)(2) motion is decided without an evidentiary hearing, Plaintiffs need only make a prima facie showing of jurisdiction, and all factual conflicts must be resolved in Plaintiffs' favor. Luv N' Care, Ltd. v. Insta-Mix, Inc., 438 F.3d 465, 469 (5th Cir. 2006); Bullion v. Gillespie, 895 F.2d 213, 217 (5th Cir. 1990).

1

Specific jurisdiction exists when:

1. The defendant purposefully availed itself of the forum;
2. The claims arise out of or relate to those contacts; and
3. Exercising jurisdiction comports with fair play and substantial justice.

   *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006).

The Supreme Court has clarified that "arise out of or relate to" requires a real relationship between the defendant's forum conduct and the litigation — not strict proximate causation. *Ford Motor Co. v. Montana Eighth Judicial Dist. Court*, 592 U.S. 351 (2021).

The Fifth Circuit applies this relational test while maintaining meaningful limits. *Admar Int'l, Inc. v. Eastrock, LLC*, 18 F.4th 783 (5th Cir. 2021).

## II. DEFENDANTS PURPOSEFULLY AVAILED THEMSELVES OF TEXAS

### A. This Case Involves Deliberate Commercial Exploitation — Not Passive Accessibility

Defendants may attempt to characterize this case as one involving mere nationwide internet availability. That framing is incorrect.

At the time of filing (June 2024):

1. The allegedly infringing song had been commercially released (March 2024);
2. It debuted at #9 on the U.S. Billboard Hot 100;
3. It entered the U.S. Spotify chart with substantial first-day streams;
4. It was monetized through per-stream and per-download revenue structures;
5. It was available for paid digital download to Texas consumers; and
6. It was being streamed by consumers within Texas.

This was a structured, revenue-generating national commercial release — not a passive website.

The Fifth Circuit recognizes that deliberate commercial distribution into the forum constitutes purposeful availment. *Luv N' Care*, 438 F.3d at 470.

**B. Stream-of-Commerce Expectation: Texas Was a Deliberate and Predictable Market**

Under *Ainsworth v. Moffett Eng'g, Ltd.*, 716 F.3d 174 (5th Cir. 2013), placing a product into the stream of commerce with the expectation that it will be purchased in the forum state satisfies minimum contacts.

Texas is:

1. The second-most populous state in the United States;
2. One of the largest music-consumption markets in the country; and
3. A major streaming and live-performance market.

When Defendants structured a monetized nationwide release that debuted in the Billboard Top 10, they did so with the full expectation that the work would generate revenue in major music markets — including Texas.

Texas consumption was not incidental. It was economically expected.

Defendants' commercial model depended upon nationwide streaming and download revenue. That necessarily included revenue from Texas consumers. Under *Ainsworth*, such deliberate placement into the stream of commerce with the expectation of Texas exploitation constitutes purposeful availment.

**C. Jurisdiction as to Cardi B**

Defendant Cardi B has repeatedly performed live concerts in Texas and has scheduled additional Texas performances.

Live performance of a copyrighted work is commercial exploitation under 17 U.S.C. § 106.

Revenue-generating performances in Texas are physical, intentional forum contacts that independently support jurisdiction.

Unlike defendants in passive internet cases, Cardi B has physically entered Texas to monetize her musical works.

**D. Jurisdiction as to Atlantic Records and Warner Music Group**

Defendants Atlantic Records and Warner Music Group are not passive corporate parents. They:

1. Distributed the allegedly infringing work through structured national channels;
2. Controlled or participated in commercial release strategy;
3. Collected revenue from streaming and downloads; and
4. Benefited from exploitation in Texas.

Under *Ainsworth*, a defendant that profits from nationwide distribution knowing that the product will be sold in Texas purposefully avails itself of Texas.

Texas is a predictable and economically significant component of any nationwide music release.

### III. PLAINTIFFS' CLAIMS ARISE OUT OF TEXAS EXPLOITATION

Defendants may argue that the alleged copying occurred outside Texas. That argument misunderstands copyright infringement.

Each unauthorized distribution, stream, download, and performance constitutes a discrete act of infringement under 17 U.S.C. § 106.

When the allegedly infringing work is streamed or downloaded in Texas, infringement occurs in Texas.

Under *Ford Motor*, Plaintiffs' claims need not arise exclusively from Texas conduct; they must relate to it. Here, the relationship is direct:

The lawsuit challenges Defendants' commercial exploitation of the allegedly infringing work. Texas exploitation is part of that commercial conduct.

This is not a case where forum contact is tangential. The exploitation of the work in Texas is part of the alleged tort itself.

## IV. DEFENSE COUNTER-ARGUMENTS FAIL

### A. This Is Not a Passive Website Case

Cases rejecting jurisdiction based on internet accessibility involve:

1. Informational websites;
2. No revenue tied to forum users; and
3. No deliberate commercial exploitation.

Here, Defendants monetized streaming and downloads from Texas consumers and derived revenue from live performances within the forum.

The Fifth Circuit distinguishes passive accessibility from revenue-generating commercial exploitation. Luv N' Care, 438 F.3d at 470.

### B. Calder Does Not Replace Minimum Contacts — But It Reinforces Them

The Fifth Circuit has clarified that Calder v. Jones does not eliminate minimum-contacts analysis. Clemens v. McNamee, 615 F.3d 374, 379–80 (5th Cir. 2010).

Plaintiffs do not rely solely on effects. Rather, Defendants committed intentional commercial exploitation within Texas itself.

### C. Time-of-Filing Is Satisfied

At filing (June 2024), the song was:

5

1. Commercially released;

2. Monetized nationwide;

3. Streaming in Texas; and

4. Available for paid download in Texas.

5. Held and is going to hold live concerts in Texas.

Future Texas performances reinforce fairness but are not necessary to establish jurisdiction.

## V. FAIR PLAY AND SUBSTANTIAL JUSTICE

Once minimum contacts exist, Defendants must show that jurisdiction is unreasonable. *Burger King*, 471 U.S. at 477.

Defendants are sophisticated national entities who routinely conduct business in Texas. Litigating in Texas imposes no constitutional hardship.

Texas has a substantial interest in adjudicating commercial exploitation occurring within its borders.

## VI. ALTERNATIVELY, LIMITED JURISDICTIONAL DISCOVERY IS REQUIRED

If Defendants contend that Texas exploitation was de minimis or nonexistent, Plaintiffs respectfully request limited jurisdictional discovery regarding:

1. Texas-specific streaming metrics;

2. Texas download revenue;

3. Texas airplay data;

4. Distribution roles of Atlantic and Warner; and

5. Revenue attributable to Texas consumers.

The Fifth Circuit disfavors dismissal where discovery could clarify disputed jurisdictional facts. Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co., 517 F.3d 235, 241–42 (5th Cir. 2008).

Defendants control this data. Plaintiffs should not be denied jurisdiction without access to it.

## VII. CONCLUSION

Defendants deliberately released and monetized a Billboard Top-10 musical work nationwide with the expectation that it would generate revenue in major music markets — including Texas.

At the time of filing and continuing thereafter, Defendants:

1. Commercially distributed the allegedly infringing work in Texas;
2. Generated revenue from Texas streams and downloads; and
3. Exploited the Texas market as part of a structured national commercial release.

Under binding Fifth Circuit precedent, Plaintiffs have made a prima facie showing of specific jurisdiction.

Defendants' Rule 12(b)(2) motion should be denied.

Respectfully submitted,

*[signature]*

**Robert R. Flores**
SBN 24071887
Robert R Flores Law Firm, PLLC
612 W. Nolana Ave., Suite 310
McAllen, Texas 78504
Telephone (956) 329-1099
Fax (956) 790-0297
Email robert@rrfloreslaw.com

ATTORNEY FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I certify that on February 27, 2026, a true and correct copy of the foregoing was filed electronically using the CM/ECF system, which will send notification to all counsel of record pursuant to Federal Rule of Civil Procedure 5(b)(2)(E).

*/s/ Robert R. Flores*
Robert R. Flores
